Argued and submitted October 20, 1986, affirmed February 25, reconsideration denied
April 24, petition for review allowed June 2, 1987 (303 Or 483)

In the Matter of the Compensation of
William R. Gwynn, Claimant.

## GWYNN,
*Petitioner,*

*v.*

## STATE ACCIDENT
## INSURANCE FUND CORPORATION et al,
*Respondents.*

(WCB No. 84-11354; CA A38534)

733 P2d 895

Ronald L. Bohy, Salem, argued the cause and filed the the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Keith L. Kutler, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of the Workers' Compensation Board's affirmance of SAIF''s denial of an aggravation claim. On *de novo* review, we find that claimant has not suffered a worsening of his condition that would qualify as an aggravation under ORS 656.273. Claimant's symptoms resulting in time loss were anticipated at the time of the last arrangement of compensation. Because it is clear, however, that the time loss is related to his original injury, we write to consider whether a claimant can recover temporary total disability benefits for work missed after the last arrangement of compensation as a result of a compensable condition without showing an aggravation.[1]

Temporary total disability is awarded for disability of a nonpermanent nature. ORS 656.210.[2] Its purpose is to compensate a claimant for loss of income. *Taylor v. SAIF,* 40 Or App 437, 595 P2d 515, *rev den* 287 Or 477 (1979). An insurer's responsibility to pay temporary total disability on an accepted claim continues until the worker is medically stationary and is not enrolled in an authorized vocational program. ORS 656.228.

ORS 656.273 provides, in part:

"(1)    After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury.

"(2)    To obtain additional medical services or disability compensation, the injured worker must file a claim for aggravation with the insurer or self-insured employer. In the event the insurer or self-insured employer cannot be located,

---

[1] We note that our discussion is limited to temporary total disability and does not pertain to interim compensation, which is payable pending acceptance or denial of an aggravation claim. ORS 656.262; *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977); *Silsby v. SAIF,* 39 Or App 555, 592 P2d 1074 (1979).

[2] ORS 656.210(1) provides, in part:

"When the total disability is only temporary, the worker shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages, but not more than 100 percent of the average weekly wage nor less than the amount of 90 percent of wages a week or the amount of $50 a week, whichever amount is lesser."

is unknown, or has ceased to exist, the claim shall be filed with the director."

After claim closure, an employer's duty to pay additional compensation commences only on proof of a worsening of the compensated condition (an aggravation) or on the reopening of the claim. Medical services required by the original injury are payable for the life of the claimant and do not require reopening. ORS 656.245.[3]

■    In *Smith v. SAIF*, 302 Or 396, 400, 730 P2d 30 (1986), the Supreme Court stated:

"If the claim is filed under ORS 656.210 to obtain additional temporary total compensation [for time loss], the claimant must prove a *worsening* that makes the claimant less able to work to the extent that the worker is temporarily incapacitated from 'regularly performing work at a gainful and suitable occupation.' *See Cutwright v. Weyerhaeuser,* 299 Or 290, 294, 702 P2d 403 (1985)." (Emphasis supplied.)

The court's opinion leaves us somewhat perplexed, however, as to its conclusion concerning the relevant dates to be examined in determining whether a claimant has experienced a worsening. The court agreed with our analysis in *Smith v. SAIF,* 78 Or App 443, 448, 717 P2d 218 (1986), where we stated:

" 'Worsened' conditions means a change in condition which makes a claimant more disabled, either temporarily or permanently, than he was *when the original claim was closed.*" (Emphasis supplied.)

Then, in its description of what a claimant must prove to show entitlement to increased benefits for permanent partial disability, the court states that

"the claimant must demonstrate a worsening that makes the

---

[3] ORS 656.245(1) provides:

. "For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. The duty to provide such medical services continues for the life of the worker."

claimant less able to work to the extent that he is less able to obtain and hold employment in the broad field of general occupations than he was *prior to the worsening.*" 302 Or at 400. (Emphasis supplied.)

The last emphasized portion was not necessary to the decision. We consider it *dictum* and not a deliberate pronouncement that the date for comparison with a claimant's present condition is the date just before the worsening, rather than the date of the last award of compensation. That conclusion would completely undermine a system which by necessity involves the closing of claims, even though it is knowable that the claimant will experience a waxing and waning of symptoms or that certain activities will activate symptoms. As we have stated repeatedly, to prove an aggravation, a claimant must show that the condition is worse than it was at the time of the last award of compensation. *See Consolidated Freightways v. Foushee,* 78 Or App 509, 717 P2d 633, *rev den* 301 Or 338 (1986).

█   Claimant's time loss is due to a disability which existed at the time of the last arrangement of compensation. There is no aggravation, and no additional compensation is due, temporary *or* permanent.

Affirmed.