Argued and submitted June 18, 1986, affirmed April 22, reconsideration denied July 10, petition for review pending 1987

In the Matter of the Compensation of
Rene Van Woesik, Claimant.
VAN WOESIK,
*Petitioner,*

*v.*

PACIFIC COCA-COLA CO. et al,
*Respondents.*

(WCB 84-09431; CA A36863)

735 P2d 1232

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Associates, Eugene. Peter O. Hansen, Portland, filed an association of counsel.

Craig A. Staples, Portland, argued the cause for

respondents. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order that denied his claim for aggravation of his lower back injury. We affirm.

Claimant suffered a compensable low back injury on May 5, 1980. Dr. Johnson performed a lumbar laminectomy, nerve decompression and excision of a herniated disc. The claim was closed on May 12, 1981, with an award of unscheduled disability. A second determination order was issued on August 11, 1982, awarding additional unscheduled disability. Claimant's condition worsened, and on February 3, 1983, a stipulation was approved granting additional unscheduled disability, for a total award of 30 percent. Claimant later filed an aggravation claim, which the insurance carrier denied on May 3, 1983. A hearing was held in June, 1984, on his appeal of that denial and it was upheld.

After the June hearing, claimant was examined again by Dr. Johnson, who performed a myelogram and a CT scan in July. Both were negative. On August 1, 1984, claimant experienced shooting low back pain after reaching for a cup of coffee and was treated at the hospital emergency room for what was diagnosed as "chronic low back pain."

Claimant sought a second opinion from Dr. Geist, who noted that he was in severe pain and had difficulty moving, that he had a reversal of his lumbar lordosis and a lumbar kyphosis, little movement in his low back and muscle spasms in the lumbar area. He recommended muscle relaxants and rest. Dr. Johnson examined him again in mid-August and observed that he had recurrent back and leg pain with camptocormia and referred him to Dr. Waldram. Claimant filed an aggravation claim and the carrier denied it in August, 1984. Dr. Waldram examined him in September, noted significant somatization of symptoms and camptocormia and recommended therapy. In October, Dr. Johnson concluded that further neurological or orthopedic procedures would not be beneficial and recommended retraining for lighter employment. In November, claimant was examined by Dr. Erickson, an osteopath, who observed an increase in pain and recommended intensive physical therapy, pain medication and muscle relaxants, which he believed would reduce the pain to the level existing before June, 1984.

A hearing was held on November 15, 1984, and the referee concluded that claimant had failed to prove that his underlying condition had worsened since the last arrangement of compensation and affirmed the denial. The Board affirmed the referee's opinion and order.

■ The issue is whether claimant proved an aggravation of his low back injury since the last arrangement of compensation in June, 1984. We agree with his argument that the Board erred in saying that it was necessary for him to prove that his underlying condition had worsened. Although increased symptoms in themselves are not compensable as an aggravation, pain that results in additional loss of earning capacity is. *Smith v. SAIF,* 302 Or 396, 730 P2d 30 (1986). However, we conclude that claimant has failed to prove that increased symptoms and pain resulted in an increased loss of earning capacity.

■ Claimant contends that his condition has worsened since the last hearing. However, the testimony that he gave regarding his symptoms at the June and November hearings was similar. He stated at both hearings that he has trouble walking, bending and sitting and needs medication to sleep. He stated further that he has constant back and leg pain, extending into his ankles, and that his leg often gives out, causing him to fall. Although the camptocormia appears to be a new condition, claimant had previously experienced several of the other conditions which he now describes. Reduced lumbar range of motion, loss of lumbar lordosis, positive straight leg raising tests and muscle spasms were present before June, 1984. Three of the doctors who examined him after June were seeing him for the first time and had nothing with which to compare his status.

Claimant also contends that there is evidence of an aggravation, because Dr. Johnson responded "yes" on a questionnaire asking whether his condition had worsened since February, 1983. In the light of the other medical opinions, we find this unpersuasive; it is merely a conclusion that is not supported by any explanation.

Even if claimant has demonstrated increased pain, he has failed to show a loss of earning capacity. He relies on Dr. Johnson's letter stating that he was incapacitated from work during June and July, 1984, yet he fails to note that the period

of incapacitation extended only until after evaluation of his medical condition. Although Dr. Johnson recommended in October that claimant be retrained for lighter work, he did not suggest that claimant has been unable to work or that his earning capacity has been reduced since June, 1984. Further, his employment status was the same at the time of both the June and November hearings: he was not working. He was employed for only brief periods three or four times between 1980 and 1984 and quit each job because of pain. He currently takes care of two young children and has applied for several jobs that he admitted he would be unable to perform. We conclude that he has failed to prove that an increase in symptoms has resulted in a loss of earning capacity.

Claimant also contends that he is entitled to attorney fees for services rendered before the Board on review. However, there is no statutory authorization for an award. ORS 656.382(2) provides for fees to be awarded to a claimant *if* the insurer or employer appeals and compensation is not reduced or disallowed. *Shoulders v. SAIF,* 300 Or 606, 615, 716 P2d 751 (1986). Claimant appealed from the referee's order, and his claim for aggravation was denied. Similarly, ORS 656.386(1) is inapplicable, because it requires that a claimant "finally prevail" on the issue of compensation.

Affirmed.