Submitted on remand from the Oregon Supreme Court December 16, 1987, reversed and remanded May 11, 1988

## In the Matter of the Compensation of William R. Gwynn, Claimant.

## GWYNN,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION et al,
*Respondents.*

## (WCB 84-11354; CA A38534)

754 P2d 586

Ronald L. Bohy, Salem, for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Buttler, P. J., specially concurring.

Warren, J., dissenting.

## ROSSMAN, J.

This case is on remand from the Supreme Court for us to determine whether claimant is entitled to additional compensation under the guidelines established in *Gwynn v. SAIF*, 304 Or 345, 745 P2d 775 (1987). We find that he is and, therefore, remand to the Board to determine the amount of that compensation.

Claimant was compensably injured in 1981. In December, 1983, he received an award, based on a stipulation, for 20 percent unscheduled permanent partial disability (PPD). He thereafter worked at a job which required lifting weight greater than that to which his physicians had limited him. As a result, he again became temporarily totally disabled. In our previous opinion, we held that he was not entitled to additional compensation for that temporary disability, because it was anticipated at the time of the last award.

The Supreme Court dealt generally with the question of whether an award of PPD precludes an aggravation award for a "flare-up" of symptoms. It held that a flare-up will entitle a worker to additional compensation *if* it represents a worsening; that, in turn, will usually depend on what the original award encompassed. However, the court held that, as a matter of law, there is always a worsening when, as a result of a flare-up, a worker is *totally disabled for 14 days or is hospitalized.*

The Supreme Court began its discussion by pointing out that the different types of compensable disability are exclusive of each other and that a worker who is temporarily disabled cannot simultaneously also be in a category of permanent disability. As long as the claimant has a temporary disability, there can be no new award of permanent disability. The worker is entitled to additional benefits for permanent disability only if he becomes medically stationary at a level of disability greater than the level of permanent disability for which he has been compensated.

A worker is entitled to additional compensation under ORS 656.273 for worsened conditions since the last arrangement of compensation. If a worker suffers a "waxing" of symptoms of a previously compensated condition which "continues to the point where the worker is incapacitated

from regularly performing work at a gainful and suitable occupation, *by definition the worker is totally disabled. It is logically inescapable that this is a worsening.* If the worker is totally disabled, the worker becomes entitled to compensation for either temporary or permanent total disability." *Gwynn v. SAIF, supra,* 304 Or at 352. (Emphasis supplied.)[1]

If, however, the original PPD award was predicated on an anticipation of some *short* periods of waxing and waning, the Supreme Court held that there is no legal reason to order payment of additional compensation for those periods.[2] "On the other hand, if [the] claimant's physical condition worsens or the symptoms of his injury produce a greater disability for more than the short time anticipated, *the law does require additional compensation.*" (Emphasis supplied.) *Gwynn v. SAIF, supra,* 304 Or at 353. The question is "how to draw the line between the period of incapacity that will justify payment of compensation and that which constitutes a mere flare-up that has been taken into consideration by the fixing of the existing award." The court took ORS 656.210(3) as a model:

> "If the worker, as a result of worsening[3] of the worker's condition from the original injury, becomes totally disabled for more than 14 consecutive days or becomes an inpatient at a hospital for treatment of that condition, the worker is at least entitled to compensation for temporary total disability. If inpatient treatment is required or a flare-up exceeds such 14-day period, when the worker's medical condition becomes stationary, the worker's degree of permanent disability must be fixed in one of the ways prescribed by the Workers' Compensation Law." 304 Or at 353.

There are then two questions when a claimant experiences a flare-up after a PPD award. The first is whether the

---

[1] The court stated, additionally, that, if the waxing falls short of causing total disability, thus preventing a TTD award, but the worker thereafter becomes medically stationary at a greater extent of disability than the previous PPD award, that is also a worsening. *Gwynn v. SAIF, supra,* 304 Or at 352. The court did not state whether a claimant who experiences temporary partial disability would be entitled to benefits for that disability.

[2] The court was not considering medical services under ORS 656.245(1). *See Gwynn v. SAIF, supra,* 84 Or App at 70.

[3] As the court had already said in the opinion, 304 Or at 352, a worker who becomes temporarily totally disabled as the result of a waxing of his symptoms has experienced a worsening.

*o*

award contemplated the flare-up. If it did not, it is at least a temporary worsening and is thus an aggravation. Whether the claimant is entitled to additional compensation will depend on whether the flare-up produces temporary total disability and on the claimant's condition after it.[4] The second question arises only if the award did contemplate flare-ups. That question is whether the particular flare-up is greater than what the award contemplated would happen. Although the Supreme Court did not attempt to define every circumstance that would constitute a flare-up greater than contemplated, it did hold that *whenever* a flare-up produces more than 14 days of total disability or requires hospitalization, it is a worsening as a matter of law and the claimant is entitled to additional compensation.

We find, first, that the December, 1983, stipulated award of 20 percent PPD was based on an expectation that claimant would experience a waxing and waning of his condition. Although the stipulation itself does not expressly allocate a portion of the award for anticipated waxing, we assume, in the absence of an indication to the contrary, that the parties considered medical evidence concerning the likelihood that claimant would experience further disabling back symptoms at the time that they reached the settlement. We find, second, that the flare-up in question resulted in total disability for more than 14 days and, thus, necessarily in greater disability than the award contemplated.

Reversed and remanded.

**BUTTLER, P. J.,** specially concurring.

Although I do not agree that the record permits us to find that the December, 1983, stipulated award allocated a portion of the award to anticipated flare-ups, I concur in the majority's disposition of the case.

I do so only because claimant's present disability was total and lasted for more than 14 days, entitling him to additional compensation under *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987).

---

[4] That there has been an aggravation does not mean that a claimant is automatically entitled to additional PPD benefits once the condition stabilizes. That would require proof that the condition had *permanently* worsened.

**WARREN, J.,** dissenting.

I agree with the majority that the award contemplated and compensated claimant for future periods of disability. However, I do not understand the Supreme Court's opinion to hold that, *whenever* a claimant experiences time loss or becomes an inpatient in a hospital, he has established an aggravation, and I therefore dissent.

The Supreme Court posed the question as whether an award which contemplates future flareups will preclude an additional award under ORS 656.273 "for such flareups even if they produce greater disability than that for which the original award was made." *Gwynn v. SAIF,* 304 Or 345, 347, 745 P2d 775 (1987). The court then reaffirmed the rule that a claimant must show that his condition has worsened since the last arrangement of compensation in order to obtain additional benefits under ORS 656.273. 304 Or at 348. As the court emphasized, a mere "waxing," *i.e.,* increase, of symptoms, whether or not anticipated, is not a worsening sufficient to satisfy the requirements for a claim under ORS 656.273, unless it produces *greater disability.* 304 Or at 352. I assume that the question of whether there is greater disability is determined by comparing the worker's present condition with his condition at the time of the last arrangement of compensation. *Gywnn v. SAIF,* 84 Or App 67, 71, 733 P2d 895 (1987). The Supreme Court's opinion appears to say that that is the relevant comparison. Because of the court's repeated emphasis on "worsening" and "greater disability," I would conclude that proof of disability greater than that which existed on the date of the last arrangement of compensation is required to sustain an aggravation claim.

If, for example, a claimant experiences disability which leads to time loss after the last arrangement of compensation, but the last award contemplated that the claimant would have that disability in the normal course of the condition which occasioned the last award, he would not be entitled to additional benefits for temporary total disability, because his disability is no greater than that for which he has already been compensated. That is the case here.

The evidence is that the work leading to the present claim exceeded the limitations placed on claimant at the time

of the last award. It was anticipated at that time that he would experience symptoms in the future if he were to exceed those limitations. As the majority found, the last award anticipated that permanent frailty in claimant. The evidence is that he has a permanent disability that becomes symptomatic whenever he does heavy lifting. That disability is not greater than that anticipated at the time of the last award.

I would hold, therefore, that claimant's condition has not worsened so as to entitle him to benefits under ORS 656.273. Rather, he is suffering from a permanent aspect of his disability, for which he has been previously compensated. I would affirm.