In the Matter of the Compensation of
Jimmy Mathis, Claimant.

### MATHIS,
*Petitioner,*

*v.*

### MODOC LUMBER COMPANY,
*Respondent.*

(WCB 83-10182; CA A40761)

754 P2d 590

Ronald L. Bohy, Salem, for petitioner.

Jerry K. Brown, McMinnville, for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

## WARREN, J.

This case is on remand from the Supreme Court for reconsideration in the light of *Gwynn v. SAIF*, 304 Or 345, 745 P2d 775 (1987). Claimant has been awarded benefits totalling 45 percent unscheduled permanent partial disability for a back injury. We affirmed, without opinion, the Board's determination that claimant had not suffered an aggravation so as to qualify for additional benefits under ORS 656.273. 82 Or App 742, 735 P2d 380 (1987).

■ On remand, the first question is whether the last arrangement of compensation, a stipulation of December 16, 1981, contemplated that claimant would have symptomatic flare-ups of his compensable condition. *Gwynn v. SAIF*, 304 Or at 353. On the basis of medical evidence existing at the time of the stipulation indicating that claimant had "chronic" permanent back pain, we find that the permanent aspects of claimant's injury created a probability that disabling symptoms would come and go and that the stipulation contemplated future flare-ups of symptoms similar to those that led claimant to file this aggravation claim. *See Gwynn v. SAIF*, 91 Or App 84, 754 P2d 586 (1988).

We now address whether claimant is entitled to benefits for his time loss after the last arrangement of compensation. The evidence is that he experienced an episode of pain and 13 days of total disability after an extended vacation, during which he spent many hours driving in a car. Assuming that the original compensable injury is a material contributing cause of the pain and disability, *see Grable v. Weyerhaeuser Company*, 291 Or 387, 631 P2d 768 (1981), claimant is entitled to benefits for time loss pursuant to ORS 656.273 only if the evidence shows that his condition became worse than what was anticipated at the time of the last award. *Gwynn v. SAIF, supra*, 304 Or at 352. Even assuming claimant's condition "waxed" to the point that he was totally disabled and therefore "worse," *Gwynn v. SAIF, supra*, 304 Or at 352; *but see Gwynn v. SAIF, supra*, 91 Or App at 86-87 (Warren, J., dissenting), because the award anticipated extensive future periods of disability and because he was disabled from work for only 13 days, he does not qualify for temporary total disability benefits under the analysis in *Gwynn v. SAIF, supra*, 304 Or at 353.

Affirmed.

**BUTTLER, P. J.,** dissenting.

We are directed on remand to determine whether the last arrangement of compensation, a stipulation of December 16, 1981, contemplated that claimant would have symptomatic flare-ups of his compensable condition. *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987). Although the medical evidence existing at the time of the stipulation indicated that claimant had "chronic" permanent back pain and, in our view and that of the referee and Board, it appeared to contemplate future symptomatic flare-ups, the Supreme Court's opinion requires that there be evidence that the stipulated award specifically took into account anticipated future flare-ups. *Gwynn v. SAIF, supra,* 304 Or at 350. Here, there is no evidence that it did. That it was "knowable" that claimant would have symptoms is not sufficient. Accordingly, I would treat this as an ordinary aggravation claim for benefits for disability not anticipated at the time of the last arrangement of compensation.

The question, then, would be whether claimant is entitled to benefits for time loss after the last arrangement of compensation. The evidence is that he experienced an episode of pain and 13 days of total disability after an extended vacation, during which he spent many hours in a car, and that the original compensable injury is a material contributing cause of his pain and disability. *See Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981). Claimant is entitled to benefits for time loss pursuant to ORS 656.273 if the evidence shows that his condition "worsened." *Gwynn v. SAIF, supra,* 304 Or at 352. Because his condition became worse to the point that he was totally disabled, although only temporarily, and because that was not anticipated, his condition "worsened" as a matter of law. *Gwynn v. SAIF, supra,* 304 Or at 352. I would conclude, therefore, that, under the Supreme Court's analysis in *Gwynn,* he is entitled to benefits for temporary total disability.

I would reverse and remand for acceptance of the claim and, therefore, respectfully dissent.