Submitted on remand from the Oregon Supreme Court December 16, 1987, reversed and remanded May 11, respondents' motion for reconsideration allowed and opinion modified August 17, 1988
See 92 Or App 589, 759 P2d 322 (1988)

In the Matter of the Compensation of
Harold Turner, Claimant.

## INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

## TURNER et al,
*Respondents.*

(WCB 83-09731; 84-02465; CA A39913)

754 P2d 589

Paul L. Roess, Coos Bay, and Foss, Whitty & Roess, Coos Bay, for petitioner.

Michael R. Stebbins, North Bend, and Hayner, Stebbins & Coffey, North Bend, for respondent Harold Turner.

Dave Frohnmayer, Attorney General, Salem, Virginia L. Linder, Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, for respondents Bohemia, Inc. and SAIF Corporation.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Buttler, P. J., specially concurring.

Warren, J., dissenting.

**ROSSMAN, J.**

This case is on remand from the Supreme Court for a determination of "whether, and on what evidence, the [last award of compensation] was in any part predicated on the anticipated recurrence of symptoms." 304 Or 354, 358, 745 P2d 780 (1987).

■ Claimant injured his left knee while working as a sander for International Paper Company. In our opinion, 84 Or App 248, 733 P2d 918 (1987), we stated that, before the last arrangement of compensation, claimant had testified at a hearing that, if he were to return to a job which required him to be on his feet for eight hours, he would experience swelling and pain in his knee. Also before the last award, Dr. Holbert had reported that, "when [claimant] is active on the [left] knee, it swells up." That evidence was relevant to the question of the extent of permanent disability. The referee's order of April 25, 1983, which is the last award of compensation, is not part of the record, so we do not know whether the referee expressly allocated a portion of the award for anticipated recurrences of symptoms. We assume, however, in the absence of an indication to the contrary, that all relevant evidence concerning claimant's anticipated permanent disability which was before the referee was considered in making the award of ten percent permanent loss of use of the left leg. If it was not, that was a matter for claimant to challenge on direct appeal of the referee's award to the Workers' Compensation Board. We conclude that the award anticipated that claimant would have future periods of disability, if he became active on his left knee. *See Gwynn v. SAIF,* 91 Or App 84, 754 P2d 586 (1988).

The Supreme Court has ordered us to consider whether, under *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987), claimant is entitled to benefits for time loss experienced during his employment at Bohemia. Three months after the award, claimant took a job with Bohemia which required him to be on his feet for eight hours. Two weeks after he started working there, he quit because of his left knee symptoms. He has not worked regularly since that time, and he seeks temporary total disability benefits for his time loss.

■ The evidence shows that the compensable knee injury is a material cause of the present disability. We conclude that claimant is entitled to compensation for his time

loss. Even though the previous award contemplated that he would experience symptoms if he became active on his left knee, a time loss greater than 14 days is treated as a worsening as a matter of law, and he is entitled to compensation for temporary disability and to a reevaluation of the extent of permanent disability when he becomes medically stationary. *Gwynn v. SAIF, supra,* 304 Or at 352.

Reversed and remanded.

**BUTTLER, P. J.,** specially concurring.

I concur for the reasons stated in my specially concurring opinion in *Gwynn v. SAIF,* 91 Or App 84, 754 P2d 586 (1988).

**WARREN, J.,** dissenting.

I dissent for the reasons stated in my dissent in *Gwynn v. SAIF,* 91 Or App 84, 754 P2d 586 (1988).