Argued and submitted October 9, 1987, reversed and remanded for further proceedings
June 22, 1988

In the Matter of the Compensation of
Beverly C. Morgan, Claimant.

MORGAN,
*Petitioner,*

*v.*

SILVERCREST INDUSTRIES et al,
*Respondents.*

(WCB No. 85-02708; CA A41812)

756 P2d 678

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Karen M. Werner, and Malagon & Moore, Eugene.

John E. Snarkis, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant seeks review of a Workers' Compensation Board order which denied her aggravation claim on the basis that she had failed to prove that her condition had worsened since the last arrangement of compensation. We review *de novo* and reverse and remand.

Claimant, age 26, developed bilateral work-related carpal tunnel syndrome when she worked in the carpenter shop of employer, a mobile home manufacturer. She had surgery in March, 1984, but continued to experience low-grade soft-tissue inflammation, for which there was no further treatment other than activity restriction. Claimant stopped working with power sanders, grinders or hammers, but she continued to use a power stapler. On February 19, 1985, her claim was closed by a determination order that awarded her temporary total disability and permanent partial disability of 5% loss of function in each forearm. As the evaluator's worksheet reveals, the award contemplated that, in the future, claimant would have chronic inflammation and consequent activity restrictions.[1]

Claimant requested a hearing, arguing that she was entitled to additional temporary total disability (due to errors in calculation) and additional permanent partial disability and penalties. In March, 1985, claimant complained to Dr. Ellison, her treating physician, about persistent symptoms, including pain and swelling in both hands, loss of dexterity in her hands and aching in her forearms. He identified her continued work activity as the cause of her symptoms and authorized time off from work, starting March 17, 1985. Dr. Button, who had previously examined claimant at insurer's request, reexamined claimant on April 17, 1985. He reported that, because her scores were exceedingly low, he believed that claimant was "not fully cooperating" in the pinch and grip tests. He also suggested that she might need to change her occupation in order to relieve her symptoms but concluded that she could be gainfully employed and that "no change in her impairment rating has occurred."

---

[1] The undisputed medical evidence at the time of the award established that the only appropriate treatment for her chronic inflammation was activity restriction. *See International Paper Co. v. Turner,* 91 Or App 91, 93, 754 P2d 589 (1988).

Insurer treated Ellison's report as an aggravation claim. On May 23, it refused to reopen the claim, although it continued to pay for medical treatment. It paid interim compensation, however, from March 17 through May 23. With Ellison's approval, claimant returned to work on July 2, 1985, as a lunch room supervisor, a position which required no repetitive arm or hand movements.

Before she received a hearing on the determination order, claimant filed an amended request in which she also protested the May 23 refusal to reopen. After a hearing in September, 1985, the referee affirmed the award of 5% permanent partial disability but found that there was no aggravation after the date of the determination order. The Board affirmed.

Claimant no longer argues that the permanent partial disability award was inadequate. She asserts that her compensable disabling wrist condition has worsened and that her claim should be reopened, because she has suffered increased loss of use and function after the date of the determination order. ORS 656.273. She seeks both temporary disability and additional permanent disability. Employer responds that the 1985 determination order contemplated both the symptoms from which she subsequently suffered and the need for activity restriction and that she has failed to prove a worsening.

After the parties filed their briefs here, the Supreme Court addressed the issue of when a "flare-up" of a compensable condition, anticipated at the time the existing award is calculated, will support an aggravation claim. *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987). As we have interpreted that decision, a time loss greater than 14 days establishes a worsening as a matter of law, even if the original award contemplated that the claimant would experience a "flare-up" of the compensable condition if she engaged in certain activities. *International Paper Co. v. Turner, supra* n 1; *Gwynn v. SAIF,* 91 Or App 84, 754 P2d 586 (1988).

Claimant was off work for more than 14 days after the determination order of February 19, 1985, because of a flare-up of her wrist condition. Accordingly, she established an aggravation. We remand to the Board to determine claimant's entitlement to additional benefits.

Reversed and remanded for further proceedings not inconsistent with this opinion.