Submitted on remand from the Oregon Supreme Court January 11, reversed and remanded to board with instructions November 2, 1988, reconsideration denied February 10, petition for review denied March 21, 1989 (307 Or 571)

In the Matter of the Compensation of
Rene Van Woesik, Claimant.

VAN WOESIK,
*Petitioner,*

*v.*

PACIFIC COCA-COLA CO. et al,
*Respondents.*

(WCB 84-09431; CA A36863)

763 P2d 735

James L. Edmunson and Malagon & Associates, Eugene, for petitioner. Peter O. Hansen, Portland, filed an association of counsel.

Craig A. Staples and Roberts, Reinisch & Klor, P.C., Portland, for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This case is on remand from the Supreme Court for reconsideration in the light of *Gwynn v. SAIF,* 304 Or 345, 745 P2d 775 (1987). Claimant had been awarded benefits totaling 30 percent unscheduled permanent partial disability for a back injury. In our previous opinion, *Van Woesik v. Pacific Coca-Cola Co.,* 85 Or App 9, 735 P2d 1232 (1987), we affirmed the Board's determination that claimant had not suffered an aggravation sufficient to qualify for additional benefits under ORS 656.273.

The first issue on remand is whether the last arrangement of compensation, a stipulated agreement dated February 3, 1983, contemplated that claimant would have periodic symptomatic flareups of his underlying condition. *See Gwynn v. SAIF, supra.* The language of the agreement is silent on that question. We recently addressed a similar issue in *Mathis v. Modoc Lumber Company,* 91 Or App 67, 754 P2d 590, *rev den* 306 Or 195 (1988), and determined that, on the basis of medical evidence existing at the time of the stipulation, the permanent nature of the claimant's injury created a probability that disabling symptoms would come and go and that the stipulation contemplated future flareups. Similar reasoning is applicable here. Claimant's back condition is permanent, and the medical evidence at the time of the stipulation showed that it was likely that claimant would continue to experience a waxing and waning of his pain symptoms. In October, 1982, for example, Dr. Renholds examined claimant and predicted that he would have episodes of increased symptoms requiring periods of physical therapy. We conclude that the parties contemplated periodic flareups at the time of the stipulation.

■■    We turn to the question of whether claimant has proved an aggravation of his low back condition since the last arrangement of compensation. When an initial award of permanent partial disability is predicated on an anticipation of some short periods of waxing and waning, there is no legal reason to order payment of additional compensation for those periods. Nevertheless, if a claimant's physical condition worsens or the symptoms of his injury produce disability for more than the short period contemplated at the time of the stipulation, then additional benefits may be justified. *Gwynn v. SAIF, supra.*

Employer agrees that claimant has experienced periodic flareups of pain. It is difficult to determine from the record how long each episode lasted but it is clear that they have increased in frequency and that some lasted for at least the 14-day period identified in *Gywnn* as the appropriate guideline. Accordingly, we conclude that claimant has established a worsening since the 1983 stipulated settlement.

Reversed and remanded to the Board with instructions to accept the claim.