## In the Matter of the Compensation of
## Edward D. Lucas, Claimant.

### Edward D. LUCAS,
*Petitioner,*

*v.*

### Donald H. CLARK
### and SAIF Corp.,
*Respondents.*

## (WCB 85-08631; CA A63321)

809 P2d 712

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Christopher D. Moore and Malagon, Moore & Johnson, Eugene.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., dissenting.

## RIGGS, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee and denying claimant's aggravation claim.

Claimant suffered a compensable back and bilateral leg injury in April, 1977. In March, 1980, he received an award of 50 percent unscheduled permanent disability for his back, 30 percent scheduled permanent disability for his right leg and 15 percent scheduled permanent disability for his left leg. In April, 1981, he received temporary disability compensation for a protruded disc, which was surgically repaired in July, 1980. In April, 1982, his right leg disability award was increased to 50 percent. In November, 1982, March and November, 1983, and April, 1984, he experienced symptomatic flare-ups of his back and leg symptoms, which resulted in periods of total disability totalling at least 60 days.

In May, 1984, claimant raised multiple issues regarding aggravation claims, and on August 23, 1984, the parties stipulated to a settlement on these terms:

"1. Since the last award or arrangement of compensation on his April 1977 claim, claimant has suffered a worsened compensable condition which became medically stationary before this hearing, and he shall be paid, for increased permanent disability in his right leg, an additional award of compensation equal to 15 degrees, 10 percent of the maximum for loss of use and function of a leg, thereby increasing the scheduled award for claimant's right-leg disability to a total of 60 percent of the maximum.

"* * * * *

"3. As a disputed-claim settlement of any and all other aggravation claims which have been or may be alleged for any time up to the date of this hearing, SAIF agrees to pay claimant the total amount of $500."

After the settlement, claimant experienced another symptomatic flare-up of his back condition in January, 1985, and filed this claim for aggravation of his 1977 injury. SAIF denied the claim, and the referee upheld the denial. On review, the Board affirmed the referee and made these findings of ultimate fact regarding claimant's mid-back symptoms:

"Claimant's alleged aggravation in 1985 resulted in a

symptomatic exacerbation, rather than a pathological exacerbation, of his mid back condition. That mid back exacerbation rendered him less able to work than at the time of the August 1984 Stipulated Order. That stipulation contemplated future periods of waxing and waning mid back symptoms resulting in periods of temporary total disability. The additional diminished earning capacity claimant experienced as a result of the mid back exacerbation did not exceed that contemplated by the August 1984 Stipulated Order in either degree or duration. Claimant's mid back exacerbation in 1985 did not result in total disability for more than 14 consecutive days."

The Board assumed that the parties had considered medical documentation of the earlier symptomatic back flare-ups and that, in the light of those flare-ups, future exacerbations were anticipated. It concluded, therefore, that the 1984 stipulation contemplated future periods of increased back symptoms accompanied by diminished earning capacity. The Board then concluded that claimant had not met his burden of proving that his back condition exacerbation and the resulting loss of earning capacity were greater than anticipated. We review for errors of law and for substantial evidence on factual issues. ORS 656.298(6); ORS 183.482(7), (8).

■ ■ An aggravation claim must be based on worsened conditions since the last award or arrangement of compensation. ORS 656.273(1). A worsened condition occurs when the claimant's physical condition or symptoms become exacerbated and cause increased disability or diminished earning capacity. *Perry v. SAIF,* 307 Or 654, 657, 772 P2d 418 (1989). If the last award or arrangement of compensation included consideration of anticipated future exacerbations of the condition or symptoms, the claimant must prove that the worsening has been greater than was anticipated. *Gwynn v. SAIF,* 304 Or 345, 352-53, 745 P2d 775 (1987). Since *Gwynn,* we have said repeatedly that, if there was medical evidence of the possibility of future flare-ups, the assumption is that the parties considered that evidence, unless there are indications to the contrary. *International Paper Co. v. Turner,* 91 Or App 91, 754 P2d 589, *rev den* 307 Or 101 (1988); *Gwynn v. SAIF,* 91 Or App 84, 754 P2d 586 (1988); *Mathis v. Modoc Lumber Company,* 91 Or App 67, 754 P2d 590, *rev den* 306 Or 195 (1988).

There was no substantial evidence to support the

Board's finding that the parties contemplated future flare-ups in reaching their settlement. Although several flare-ups had occurred before August, 1984, the stipulated order made no reference to the prognosis for claimant's back condition and made no additional award for that condition. Furthermore, until 1985, the record is clear that no doctor had predicted future or chronic flare-ups of the back condition. Obviously, the 1985 medical evidence regarding the possibility of future flare-ups was not available when the parties agreed to the stipulated order in 1984. Therefore, we remand to the Board for reconsideration in light of this determination.

Reversed and remanded for reconsideration.

**EDMONDS, J.,** dissenting.

The majority holds that there is not substantial evidence in the record to support the Board's finding that, in reaching a settlement in 1984, the parties contemplated future flare-ups of claimant's back condition. In *Van Woesik v. Pacific Coca-Cola Co.,* 93 Or App 627, 629, 763 P2d 735, *rev den* 307 Or 571 (1988), we said:

"The first issue on remand is whether the last arrangement of compensation, a stipulated agreement dated February 3, 1983, contemplated that claimant would have periodic symptomatic flareups [*sic*] of his underlying condition. *See Gwynn v. SAIF,* [304 Or 345, 745 P2d 775 (1987)]. The language of the agreement is silent on that question. We recently addressed a similar issue in *Mathis v. Modoc Lumber Company,* 91 Or App 67, 754 P2d 590, *rev den* 306 Or 195 (1988), and determined that, on the basis of medical evidence existing at the time of the stipulation, the permanent nature of the claimant's injury created a probability that disabling symptoms would come and go and that the stipulation contemplated future flareups [*sic*]. Similar reasoning is applicable here. Claimant's back condition is permanent and the medical evidence at the time of the stipulation showed that it was likely that claimant would continue to experience a waxing and waning of his pain symptoms. In October, 1982, for example, Dr. Renholds examined claimant and predicted that he would have episodes of increased symptoms requiring periods of physical therapy. We conclude that the parties contemplated periodic flareups [*sic*] at the time of the stipulation."

Here, the Board found:

"The record contains medical reports documenting symptomatic mid back flare-ups in November 1982, March 1983,

November 1983 and April 1984. The latter three exacerbations resulted in periods of total disability. There is nothing in the record to indicate that the parties did not consider medical documentation of these flare-ups when they entered into the August 1984 Stipulated Order. *Furthermore, in light of these prior exacerbations, future disabling mid back flare-ups were anticipated.* Accordingly we conclude that the August 1984 Stipulated Order contemplated future periods of increased mid back symptoms accompanied by diminished earning capacity." (Emphasis supplied.)

There is medical evidence that claimant's back symptoms preexisted the 1984 settlement. On April 3, 1981, November 4, 1982, February 3, 1983, March 3, 1983, April 9, 1984, and June 25, 1984, his back condition was characterized by medical examiners as "residual myelopathy."[1] The majority holds that, just because the settlement agreement made no reference to claimant's condition, the parties necessarily did not contemplate future flare-ups in reaching their agreement. That holding conflicts with the plain language of the agreement:

"3. As a disputed-claim settlement of *any and all* other aggravation claims which have been or may be alleged for any time up to the date of this hearing, SAIF agrees to pay claimant the total amount of $500." (Emphasis supplied.)

The Board found on the basis of that language and the medical evidence, that there is a probability that the parties considered claimant's chronic back condition and its recurring symptoms in the settlement of his aggravation claims. There is substantial evidence to support the Board's findings on that issue and the majority errs in holding to the contrary.

I dissent.

---

[1] The term "myelopathy" includes "[a]ny disease of the spinal cord." *Stedman's Medical Dictionary* 1045 (unabridged 2d lawyer's ed 1966).