Argued and submitted May 17, reversed and remanded for reconsideration
October 30, 1991

In the Matter of the Compensation of
John H. Bement, Claimant.

SAIF CORPORATION
and Pacific West Building Maintenance,
*Petitioners,*

*v.*

John H. BEMENT,
*Respondent.*

(WCB No. 88-13391; CA A67097)

820 P2d 7

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for petitioners.

Quintin B. Estell, Salem, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Richardson* and Deits, Judges.

JOSEPH, C. J.

---

* Richardson, J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Employer seeks review of a Workers' Compensation Board order that reversed the referee and awarded claimant permanent partial disability (PPD) benefits. We reverse and remand for reconsideration.

In 1987, claimant sustained a compensable back injury but received only temporary disability benefits. His work later exacerbated that injury, and he again received temporary disability benefits in January, 1989. However, he did not receive a permanent partial disability award. He requested a hearing. The referee found that, because claimant had suffered no "measurable impairment," he was not entitled to PPD.[1]

Claimant conceded before the Board that he had suffered no measurable impairment and was not entitled to PPD under the standards. Nevertheless, the Board reversed the referee and awarded claimant 10% PPD. To support its order, it relied on *Gwynn v. SAIF*, 304 Or 345, 745 P2d 775 (1987), and *International Paper Co. v. Turner*, 91 Or App 91, 754 P2d 589, *rev den* 307 Or 101 (1988).

In *Gwynn*, the court held that a claimant who files an aggravation claim cannot recover for periods of temporary disability if those disabilities are not more than was anticipated at the time of the previous arrangement of compensation. In *International Paper Co.*, we said that we will assume "that all relevant evidence concerning [a] claimant's anticipated permanent disability [that] was before the referee was considered in making the award * * *." 91 Or App at 93.

The Board found that claimant's injury will inevitably cause periods of temporary disability. Relying on *International Paper Co.*, it concluded that, in view of the evidence that claimant would experience future periods of temporary disability, the award would be deemed to have anticipated those periods. Then, relying on *Gwynn*, it concluded that

---

[1] Under ORS 656.283(7) (*since amended by* Or Laws 1990 (Spec. Sess.), ch 2, § 20), a referee, in determining PPD, was required to apply the standards for the evaluation of disabilities adopted pursuant to ORS 656.726. The standards provided that "[i]f there is no measurable impairment no award of unscheduled permanent partial disability shall be allowed." *Former* OAR 436-35-320.

claimant could not be compensated for those periods of temporary disability on the basis of an aggravation claim, unless the disability were worse than was anticipated at the time of the previous arrangement of compensation. Therefore, it reasoned, the present award has to compensate claimant for future disabilities, even in the absence of measurable impairment and that claimant had sufficiently established that he "has suffered a greater permanent loss of earning capacity than is indicated by the standards." ORS 656.283(7) (*since amended by* Or Laws 1990 (Spec. Sess.), ch 2, § 20).[2]

The Board reads *International Paper Co.* too literally. We will not assume that an award was based on anticipated periods of temporary disability if, as a matter of law, the claimant was precluded from receiving benefits on the basis of that evidence. The standards provided that "[i]f there is no measurable impairment[,] no award of unscheduled permanent partial disability shall be allowed." *Former* OAR 436-35-320. Therefore, claimant's concession that he suffered no measurable impairment precluded the referee (and the Board) from awarding PPD, no matter what the evidence showed concerning future periods of disability.

Reversed and remanded for reconsideration.

---

[2] ORS 656.283(7) (*since amended by* Or Laws 1990 (Spec. Sess.), ch 2, § 20) provided, in part:

"Nothing in this section shall be construed to prevent or limit the right of a worker * * * to present evidence at hearing and to establish by clear and convincing evidence that the degree of permanent disability suffered by the claimant is more * * * than the entitlement indicated by the standards adopted by the director under ORS 656.726."