Argued and submitted September 3, resubmitted on petition for reconsideration by respondents on review November 12, reconsideration allowed, previous opinion (302 Or 109, 727 P2d 123) withdrawn and superseded, Court of Appeals affirmed December 23, 1986

In the Matter of the Compensation of
Gavin L. Smith, Claimant.
SMITH,
*Petitioner on review/Respondent on reconsideration,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents on review/Petitioners on reconsideration.*
(WCB 83-04541; CA A36412; SC S32890)
730 P2d 30

Edward J. Harri, Salem, argued the cause for petitioner on review. On the petition were J. David Kryger and Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the petition for reconsideration were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

JONES, J.

## JONES, J.

The State Accident Insurance Fund (SAIF) requests this court reconsider the opinion in this case. We allow reconsideration and withdraw the former opinion.

Claimant, Gavin L. Smith, petitioned for review of the decision of the Court of Appeals affirming the Workers' Compensation Board's denial of his claim for increased disability compensation for a worsening of a compensable injury.

The Court of Appeals reviewed the record and found that on March 10, 1977, claimant suffered a compensable low back injury. The claim was closed by a determination order on September 27, 1977. Claimant continued to work until May 1978, when he quit and requested a hearing on the September 27 claim closure because he believed that he could no longer work; he has not worked since. After the April 1, 1980, hearing, the referee awarded 70 percent unscheduled permanent partial disability on May 6, 1980. The Board reduced the award to 50 percent; the Court of Appeals reinstated the referee's award. *Smith v. SAIF,* 51 Or App 833, 627 P2d 495 (1981).

Claimant continued to have problems after the April 1 hearing before the referee. On April 16, 1980, he saw Dr. Clibborn, complaining of severe low back pain and burning pain in both legs. Clibborn treated claimant at least through April 26, 1982, sending periodic progress reports to SAIF. On July 17, 1981, claimant saw Dr. Stanley, complaining of knee and low back pain. On February 14, 1982, Dr. Stanley examined claimant for pain in his left hip and on March 5 for right elbow and shoulder pain. Dr. Stanley also sent progress reports to SAIF. Dr. Tsai examined claimant in October 1979 and March 1983 and concluded that claimant's condition had deteriorated during that interval.

SAIF denied the worsening claim on May 10, 1983. On June 22, 1984, the referee set aside the denial and found that claimant had proved a worsening. On June 11, 1985, the Board reversed, deciding that the claim was not timely filed within the period provided by ORS 656.273(4).[1] The Court of

---

[1] ORS 656.273(4)(a) provides:

"* * * [T]he claim for aggravation must be filed within five years after the first determination made under ORS 656.268(4)."

Appeals held that the claim was timely filed but that the claimant had not demonstrated a worsening of his condition. 78 Or App 443, 717 P2d 218 (1986).

The issues in the Court of Appeals were (1) whether the aggravation claim was timely filed under ORS 656.273(4), and (2) whether claimant had demonstrated a worsening of his compensable condition under ORS 656.273(1).

■ On the first issue, the Court of Appeals held that each doctor's report submitted in claimant's case indicated a need for further treatment and, therefore, the claim was timely filed. We agree and affirm this part of the Court of Appeals decision.

■ On the second issue, the Court of Appeals concluded that for claimant to establish a worsening of his condition he must demonstrate that he was more disabled and that more disabled meant less able to work, stating:

> "In order to establish an aggravation claim, claimant must show 'worsened conditions resulting from the original injury.' ORS 656.273. 'Worsened conditions' means a change in condition which makes a claimant more disabled, either temporarily or permanently, than he was when the original claim was closed. *See Stepp v. SAIF*, 78 Or App 438, 717 P2d 216 (decided this date); *Miller v. SAIF*, 78 Or App 158, 714 P2d 1105 (1986). At this point, we reiterate a fundamental principle of workers' compensation law: Because compensation for an unscheduled disability is awarded for loss of earning power, *see* ORS 656.206(1)(a); 656.210; 656.212; 656.214(5), *more disabled* means less able to work." 78 Or App at 448 (emphasis in original).

We agree with the analysis of the Court of Appeals on this issue and affirm.

At argument and in his briefs to the Court of Appeals and to this court claimant asked the court to construe ORS 656.273(1), which reads:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

and its relationship to ORS 656.245(1), which reads:

> "For every compensable injury, the insurer or the self-

insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. The duty to provide such medical services continues for the life of the worker."

ORS 656.273(1) states that a worker may seek additional compensation *including medical services* for worsened conditions, whereas ORS 656.245(1) relates solely to providing medical services for conditions resulting from an industrial injury without reference to any worsening.

A worker seeking increased compensation for impairment in earning capacity is entitled to such compensation benefits under only one of four statutes:

1. *Permanent total disability* (ORS 656.206)

If the claim for worsening is filed to recover benefits for permanent total disability, the claimant must demonstrate a worsening to an extent that makes the claimant unable to work to the extent that the worker is incapacitated from "regularly performing work at a gainful and suitable occupation," and a "suitable occupation" is defined as "one which the worker has the ability and the training or experience to perform or an occupation which the worker is able to perform after rehabilitation."

2. *Permanent partial disability* (ORS 656.214(5))

If the claim for worsening is filed under ORS 656.214(5) to obtain increased benefits for permanent partial disability, the claimant must demonstrate a worsening that makes the claimant less able to work to the extent that he is less able to obtain and hold employment in the broad field of general occupations than he was prior to the worsening.

3. *Temporary total disability* (ORS 656.210)

If the claim is filed under ORS 656.210 to obtain additional temporary total compensation, the claimant must prove a worsening that makes the claimant less able to work to the

extent that the worker is temporarily incapacitated from "regularly performing work at a gainful and suitable occupation." *See Cutwright v. Weyerhaeuser,* 299 Or 290, 294, 702 P2d 403 (1985).

4. *Temporary partial disability* (ORS 656.212)

ORS 656.212 provides:

"When the disability is or becomes partial only and is temporary in character, the worker shall receive for a period not exceeding two years that proportion of the payments provided for temporary total disability which his loss of earning capacity at any kind of work bears to his earning power existing at the time of the occurrence of the injury."

No other statutes provide payment of compensation for impaired earning capacity.

■ ■ Increased symptoms in and of themselves are not compensable and not sufficient to require the payment of additional compensation, unless the worker suffers pain or additional disability that results in loss of the worker's ability to work and the worker thereby suffers a loss of earning capacity. *Harwell v. Argonaut Insurance Co.,* 296 Or 505, 678 P2d 1202 (1984). A worker may be able to continue to work at a present job but still suffer a loss of earning capacity to carry on other work in the broad field of general occupations, *see* ORS 656.214(5), because of a worsened condition. That is, in a claim for increased compensation for unscheduled disability under ORS 656.273, the worker need not show that he is less able to work in his present employment, but must prove that his symptoms have increased or otherwise demonstrate that his underlying condition has worsened so that he is less able to work in the broad field of general occupations resulting in a loss of earning capacity.

In cases such as this we emphasize that the test for loss of earning capacity for unscheduled disability claims is to be measured by the worker's "ability to obtain and hold gainful employment in the broad field of general occupations, taking into consideration such factors as age, education, training, skills and work experience." ORS 656.214(5). As Chief Judge Schwab aptly explained in *Ford v. SAIF,* 7 Or App 549, 552-53, 492 P2d 491 (1972):

"Earning capacity must be considered in connection with

a workman's handicap in obtaining and holding gainful employment in the broad field of general industrial occupations and not just in relationship to his occupation at any given time. A workman's post-injury earnings is evidence which, depending upon the circumstances of an individual case, may be of great, little, or no importance in determining loss of earning capacity. A person whose physical and mental capacities have been impaired not at all by an injury may voluntarily choose to enter an occupation which provides less compensation than his pre-injury occupation. Likewise, a person with almost total physical disability may find a post-injury occupation not involving physical effort which pays him substantially more than his pre-injury occupation — yet such a man is severely disabled in terms of ability to obtain and hold gainful employment in the broad field of general industrial occupations. * * *"

Of course, a worker is entitled to medical expenses under ORS 656.245 without a showing of worsening of his underlying condition. The entitlement to services under ORS 656.245 is not tied to a worsening but requires only that the need for medical services be a result of the injury.

We now turn to claimant's contentions that a claim for worsening may not be extinguished by the five-year limitation if the claimant requires only medical treatment within the five years and, after the five years expires, the medical treatment itself causes the claimant's condition to worsen, resulting in loss of earning capacity.

Claimant asserts that the worsening statute, ORS 656.273, specifically includes "medical services" within its provisions. Thus, he contends that a worker is not left solely to the remedy of lifetime medical services provided by ORS 656.245. If a worker requires medical services within a five-year period, the worker may opt to proceed under ORS 656.245 or 656.273. Claimant contends that the option to proceed under the worsening statute is important because medical treatment may require time off from work or time in an institution that occurs after the five-year aggravation period expires and yet is directly attributable to the original injury. Further, medical treatment may not improve the claimant's condition and may in fact worsen it, causing increased impairment of earning capacity. Claimant sets forth the following hypothetical example in his petition for review:

"* * * Assume that a worker has been told by a doctor on the 30th day of the 4th year and 11th month that surgery is necessary to correct a condition related to the compensable injury. On that day the doctor files a medical report with the carrier or the claimant's attorney files [a worsening claim], thereby protecting the claimant's [worsening claim] rights. However, since surgery will not be performed until after the expiration of the [worsening claim] period, it cannot be determined within the five-year period whether or not the claimant's condition will be improved or worsened at the time the worker files the [worsening] claim. Nor, at this point, can the worker always show a diminished earning capacity. Nonetheless, the claimant is entitled to have the claim reopened, the time loss paid, and is also entitled to appeal a subsequent determination order, if appropriate. It is not until such time as the claimant is medically stationary that his disability can be then rated.

"Moreover, the claimant's condition may deteriorate following the filing of the [worsening] claim and before recommended medical treatment is performed. * * *"

These contentions made by claimant are interesting but not applicable to the facts in this case. Anything we would say on those subjects would be *dicta.* The Court of Appeals found that the worker failed to prove that he is less able to work now than before the alleged worsening or that in any way has he suffered a greater loss of earning capacity. No worsening occurred after the five-year period expired because of medical treatment or otherwise.[2]

The petition for reconsideration is allowed, and the previous opinion is withdrawn and superseded. The Court of Appeals is affirmed.

---

[2] The five-year worsening claim period expired September 19, 1982. Apparently the Court of Appeals considered the claimant's medical condition as of March 1983 and found no worsening.