Argued and submitted January 9, reversed March 11, reconsideration denied May 15, petition for review allowed June 19, 1987 (303 Or 483)

In the Matter of the Compensation of
Harold Turner, Claimant.

## INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

## TURNER et al,
*Respondents.*

(WCB 83-09731; 84-02465; CA A39913)

733 P2d 918

Paul L. Roess, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Michael R. Stebbins, North Bend, argued the cause for

respondent Harold Turner. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondents Bohemia, Inc. and SAIF Corporation. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

International Paper seeks review of an order of the Workers' Compensation Board affirming the referee, who held that claimant had suffered an aggravation of a previously compensated condition. On *de novo* review, we find that claimant has not suffered an aggravation and reverse the Board.

Claimant sustained an injury to his left knee on September 12, 1978, while working as a sander for International Paper. On February 14, 1982, a determination order awarded ten percent loss of use of the left leg, and that award was ultimately affirmed by a referee after a hearing on March 30, 1983. The referee's order is the last arrangement of compensation.

In July, 1983, claimant was hired by Bohemia as a dryer/feeder and cleanup laborer, both of which entailed standing continuously. After two weeks on the job he quit because of pain, swelling and cramps in his left leg. His request for a reopening of the original claim was denied by International Paper, as was his claim for benefits against Bohemia. We agree with the Board's conclusion that claimant has not suffered a new injury so as to support a claim against Bohemia.

In order to establish an aggravation of his scheduled leg disability so as to warrant a reopening of the claim against International Paper, claimant must prove that his condition is worse. ORS 656.273. A worsened condition means a *change* which makes a claimant more disabled, either temporarily or permanently, than he was at the time of the last award of compensation. *See Smith v. SAIF,* 302 Or 396, 730 P2d 30 (1986).[1] On *de novo* review, we find that there has been no change in claimant's condition and that he has experienced only a recurrence of symptoms which were anticipated at the time of the last arrangement of compensation.

In June, 1982, following the removal of a step staple, Dr. Holbert reported that "when [claimant] is active on the

---

[1] Because compensation for a scheduled disability is for loss of use of a scheduled body part, ORS 656.214, "more disabled" in this case means increased loss of use of that body part.

knee, it swells up." At the hearing of March 30, 1983, which was held before the last award of compensation, claimant testified that, if he were to return to a job which required him to be on his feet for eight hours, he would experience swelling and pain in his knee. When claimant went to work for Bohemia, that is what he experienced. In Dr. Hayhurst's opinion, claimant's work at Bohemia did not result in a "significant change in his symptomatology [*sic*]," or, in fact, in any "significant symptomatology [*sic*]." The conditions that occurred at Bohemia were anticipated when claimant received his last award. We conclude that claimant has not shown that his condition has changed since the last arrangement of compensation and, therefore, we reverse the Board's decision awarding benefits for an aggravation.

Reversed.