Argued and submitted July 7, remanded to Court of Appeals for reconsideration November 17, 1987

In the Matter of the Compensation of
Harold Turner, Claimant.

INTERNATIONAL PAPER COMPANY,
*Respondent on Review,*

*v.*

TURNER,
*Petitioner on Review,*

BOHEMIA, INC. et al,
*Respondents.*

(WCB 83-09731, 84-02465; CA A39913; SC S33861)

745 P2d 780

Mike Stebbins, North Bend, argued the cause for petitioner on review. With him on the petition was Hayner, Stebbins & Coffey, North Bend.

Paul L. Roess, Coos Bay, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Lent, Campbell, Carson, Jones and Gillette, Justices.

LENT, J.

**LENT, J.**

The issue is whether a claim for additional compensation under ORS 656.273(1) must necessarily fail because conditions that are relied on for that claim were anticipated when claimant received his last award.[1] We hold that such anticipation does not necessarily bar the claim.

We take the facts from those that are undisputed and from those found by the Court of Appeals on its judicial review on the record made before the Workers' Compensation Board (Board). *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 568-69, 491 P2d 997 (1971).

In 1978 claimant sustained an injury to his left knee while employed at International Paper Company (IPC).[2] On January 15, 1980, this claim was closed with an award of compensation for temporary total disability from the date of injury to about four weeks thereafter. There was no award of compensation for permanent disability.

About four months later, the claim was reopened for performance of a high tibial valgus osteotomy. On February 4, 1982, the claim was again closed by a determination order that reflects that claimant received compensation for temporary total disability from May 23, 1980, through March 1, 1981, and he was awarded compensation for permanent partial disability "equal to 15 degrees for 10 percent loss of your left leg (knee)." As of that date he had 22.5 degrees (15 percent loss of use or function of the leg) of permanent partial disability in the leg. That award was affirmed by a referee of the Board following a hearing on March 30, 1983, which has been treated as the last award or arrangement of compensation for the purpose of ORS 656.273(1).

In July 1983, claimant was hired by Bohemia, Inc., where his work involved significant standing and other use of

---

[1] ORS 656.273(1) states:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

[2] While employed by IPC, claimant had injured his left leg in 1977, for which he had received an award of compensation for permanent partial disability equal to five percent loss of use or function of the left leg, which is seven and one-half degrees under the schedule found in ORS 656.214(2)(c).

his left leg. After two weeks of that employment, he quit because of pain, swelling and cramps in the leg. He filed a claim under ORS 656.273(1) against IPC for additional compensation for worsened condition and "double shot" by filing a claim against Bohemia for a new injury. Both State Accident Insurance Fund Corporation (SAIF), as insurer for Bohemia, and IPC denied the respective claims.

Claimant requested hearing on the denials, and the referee found that there had been no new injury but that there had been a worsening of the condition resulting from the 1978 injury at IPC; therefore, the referee affirmed SAIF's denial and ordered the claim against IPC reopened. The Board affirmed on review, and IPC sought judicial review in the Court of Appeals.

The Court of Appeals, on *de novo* review, found that claimant had not suffered a new injury at Bohemia and that "claimant has not suffered an aggravation" and reversed the Board. *International Paper Co. v. Turner,* 84 Or App 248, 733 P2d 918 (1987). The court wrote:

"In order to establish an aggravation of his scheduled leg disability so as to warrant a reopening of the claim against International Paper, claimant must prove that his condition is worse. ORS 656.273. A worsened condition means a *change* which makes a claimant more disabled, either temporarily or permanently, than he was at the time of the last award of compensation. *See Smith v. SAIF,* 302 Or 396, 730 P2d 30 (1986).[1] On *de novo* review, we find that there has been no change in claimant's condition and that he has experienced only a recurrence of symptoms which were anticipated at the time of the last arrangement of compensation.

"In June, 1982, following the removal of a step staple, Dr. Holbert reported that 'when [claimant] is active on the knee, it swells up.' At the hearing of March 30, 1983, which was held before the last award of compensation, claimant testified that, if he were to return to a job which required him to be on his feet for eight hours, he would experience swelling and pain in his knee. When claimant went to work for Bohemia, that is what he experienced. In Dr. Hayhurst's opinion, claimant's work at Bohemia did not result in a 'significant change in his symptomatology [sic],' or, in fact, in any 'significant symptomatology [sic].' The conditions that occurred at Bohemia were anticipated when claimant received his last award. We conclude that claimant has not shown that his condition has

changed since the last arrangement of compensation and, therefore, we reverse the Board's decision awarding benefits for an aggravation." (Emphasis in original.)

---

"[1] Because compensation for a scheduled disability is for loss of use of a scheduled body part, ORS 656.214, 'more disabled' in this case means increased loss of use of that body part."

84 Or App at 250-51.

As in *Gwynn v. SAIF*, 304 Or 345, 745 P2d 775 (1987), we are bound by the facts as found by the Court of Appeals, but we question the legal premises under which the evidence was evaluated. As we did in *Gwynn*, we note that the Court of Appeals did not make any finding of fact that the award of 22.5 degrees was predicated on anticipated recurrence of symptoms. The court only found that a recurrence of symptoms was *anticipated at the time* of the last arrangement of compensation. Under our decision in *Gwynn* it is necessary that this case be remanded to the Court of Appeals to determine whether, and on what evidence, the award of 22.5 degrees was in any part predicated on the anticipated recurrence of symptoms.

Whatever the resolution of that issue of fact may be, the Court of Appeals must then apply the analysis we have described in *Gwynn* to determine whether claimant is entitled to additional compensation for worsened conditions resulting from the 1978 injury.

This case is remanded to the Court of Appeals for reconsideration in light of this opinion and the opinion in *Gwynn v. SAIF, supra.*