In the Matter of the Compensation of
Dick L. Barnett, Claimant.

## Dick L. BARNETT,
*Petitioner,*

*v.*

## EBI COMPANIES
and Capitol Chevrolet Cadillac,
*Respondents.*

(85-16010; CA A62112)

803 P2d 1222

Quintin B. Estell, Salem, argued the cause and filed the brief for petitioner.

Mildred J. Carmack, Portland, argued the cause for respondents. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of a Workers' Compensation Board order reversing the referee and holding that he did not have a compensable worsening of his work-related injury.

Claimant suffered an injury to his right elbow in September, 1981, while working for employer as a mechanic. Employer accepted the claim as an injury to the arm. Dr. Blake diagnosed "hyperextension injury." Blake later reported that claimant had severe degenerative joint disease of the elbow as a result of the injury. In April, 1982, Blake reported that claimant had told him that he had seen Dr. Winkler, who had told him that his X-rays showed a fracture in the elbow region. Blake reported that he had examined the X-rays and had seen "an osteophyte or irregularity of the radian neck probably from an old fracture." Claimant received an award of 5% permanent partial disability in a June 10, 1982, determination order. By stipulation, the award was increased to 15% permanent partial disability in December, 1982.

Claimant's joint disease worsened and, in July, 1985, he filed an aggravation claim for the elbow. Employer neither accepted nor denied the claim. In November, 1986, Blake reported that the last time he had seen claimant, in July, 1985, he had believed that the degenerative problem had been caused by the 1981 injury. Dr. Hardiman examined claimant in January, 1987, and found advanced degenerative changes in the right elbow. On the basis of a history provided by claimant that he had fractured his elbow in the 1981 incident, Hardiman diagnosed post traumatic degenerative osteoarthritis and concluded that it had resulted from the 1981 injury.

In July, 1987, without having seen claimant since 1985, Blake changed his opinion and reported that claimant's 1981 injury had caused only a temporary worsening of a preexisting condition. He testified in a deposition that he did not believe that the 1981 injury involved a fracture; rather, he believed that the fracture and the degenerative disease had preexisted the injury. The referee, relying on Hardiman's opinion, ordered employer to accept the claim. The Board reversed the referee and reinstated employer's denial. It held that, in view of Blake's having changed his opinion, it could not accept his original opinion that the present degenerative

condition is work related. It held, further, that the record did not show that claimant had experienced a fracture at the time of the 1981 injury and that it could not, therefore, accept Hardiman's opinion that the elbow condition, which allegedly resulted from the fracture, is related to the employment.

Claimant argues that employer, having accepted the original claim and awarded benefits for permanent disability, cannot now contend that claimant's degenerative condition pre-existed the industrial injury and is not compensable. Contrary to claimant's contention, however, employer is not attempting to relitigate the compensability of the original injury. Employer accepted an injury to the arm. It is only contending that the present degenerative condition is not related to the injury. It may do that. In order to recover benefits for a worsening of his degenerative condition, claimant must prove that the worsening is related to the compensable injury. *Smith v. SAIF,* 302 Or 396, 399, 730 P2d 30 (1986). There is substantial evidence to support the Board's findings that both the fracture and the degenerative condition preexisted the injury.

Affirmed.