Argued and submitted June 2, affirmed August 4, 1993

In the Matter of the Compensation of
Sandra R. Farrow, Claimant.

## FRED MEYER, INC.,
*Petitioner,*

*v.*

## Sandra R. FARROW,
*Respondent.*

(WCB 92-02370; CA A78056)

857 P2d 189

Brad G. Garber, Portland, argued the cause for petitioner. With him on the brief was Moscato, Byerly & Skopil, Portland.

Anthony A. Allen, Salem, argued the cause for respondent. On the brief were Jean Fisher LeDoux and Gatti, Gatti, Maier, Jackson & LeDoux, Salem.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Employer seeks review of a Workers' Compensation Board order requiring employer to accept a claim for an aggravation of claimant's compensable hand/wrist condition, a scheduled disability. We affirm the Board's order.

In October, 1991, claimant was awarded temporary total disability benefits for a problem with her right wrist, and her claim was closed with no award for permanent disability. Claimant was laid off from work in November, 1991. In December, 1991, she was diagnosed with bilateral carpal tunnel syndrome. Claimant filed a claim for an aggravation of her wrist condition. Employer denied the claim. Claimant had not returned to work as of the date of her hearing on the denial.

The referee found that claimant had established a worsened condition in both wrists. The Board affirmed and adopted the referee's order. On review, employer does not contest the Board's findings. Employer argues that claimant must prove that her worsened condition for a scheduled disability resulted in a diminished earning capacity.

The Oregon legislature has defined disabilities to specific body parts by means of a schedule set out in ORS 656.214(2) through (4), and has assigned degrees to the loss of use of each member and a dollar amount to each degree. All disabilities that are not within the schedule are "unscheduled" and are rated by determining the permanent loss of earning capacity. ORS 656.214(5).

ORS 656.273(1) states, in pertinent part:

> "A worsened condition resulting from the original injury is established by medical evidence supported by objective findings."

A claimant who alleges a worsening of an unscheduled disability must prove a loss of earning capacity. *Perry v. SAIF*, 307 Or 654, 772 P2d 418 (1989); *Smith v. SAIF*, 302 Or 396, 730 P2d 30 (1986). Employer argues that because the aggravation statute, ORS 656.273(1), does not distinguish between scheduled and unscheduled disabilities, the same standard should apply to scheduled disabilities. Employer relies only on two recent Board decisions that he understands to have

applied the "loss of earning capacity" standard to scheduled disabilities. *Dan R. Armstrong,* 44 Van Natta 453 (1993); *Tony M. Zuniga,* 44 Van Natta 427 (1992).

In *Surratt v. Dungerson Bros.,* 259 Or 65, 70, 485 P2d 410 (1971), the claimant contended that his loss of earnings should be considered in deciding the amount of his permanent partial disability. The Supreme Court stated:

> "Impairment of earning capacity cannot be considered in determining awards for specific *scheduled* permanent partial disabilities because the legislature, by enactment of ORS 656.214(2) and (3), has conclusively foreclosed further consideration of loss of earnings in such situations." 259 Or at 70. (Emphasis supplied.)[1]

*See also Matthies v. Tillamook County Creamery Assoc.,* 101 Or App 44, 788 P2d 1032 (1990).

It is true that ORS 656.273(1) does not distinguish between scheduled and unscheduled disabilities. In evaluating whether a claimant had suffered an aggravation, we stated in a footnote in *International Paper Co. v. Turner,* 84 Or App 248, 250 n 1, 733 P2d 918, *mod* 304 Or 354, 745 P2d 780 (1987):

> "Because compensation for a scheduled disability is for loss of use of a scheduled body part, ORS 656.214, 'more disabled' in this case means increased loss of use of that body part."

We conclude that aggravations are measured by the same standard that made the condition originally compensable. An aggravation of an unscheduled injury is measured by increased loss of earning capacity. An aggravation of a scheduled injury is measured by increased loss of use.

Accordingly, claimant was not required to prove loss of earning capacity in this case.

Affirmed.

---

[1] In 1971, ORS 656.214 did not mention loss of earning capacity. In 1979, the legislature amended ORS 656.214(5) to provide that in all cases of injury that result in nonscheduled permanent partial disability, the criterion for rating the disability shall be permanent loss of earning capacity due to the compensable injury. .