Argued and submitted September 6, affirmed October 12, 1994

In the Matter of a Medical Fee Dispute
Darrell D. Hendrix, Claimant,
Sedgwick James of Oregon, Insurer.
SEDGWICK JAMES OF OREGON,
*Petitioner,*

*v.*

Darrell D. HENDRIX
and Department of Insurance and Finance,
*Respondents.*

(H93-010; CA A80854)

883 P2d 226

Jaurene R. Judy argued the cause for petitioner. With her on the brief was Terrall & Associates.

Anita C. Smith argued the cause for respondent Darrell D. Hendrix. With her on the brief were Darrell E. Bewley and Estell and Bewley.

J. Dean Taylor, Assistant Attorney General, argued the cause for respondent Department of Insurance and Finance. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Employer petitions for review of an order of the Department of Insurance and Finance (DIF)[1] in this medical fee dispute. We affirm.

Claimant sustained a compensable injury to his back. Employer accepted the claim, then closed it by a notice of closure, which awarded temporary total disability, but no permanent partial disability. Employer denied permanent disability benefits on the basis of the report of Dr. Woolpert, who concluded that "I do not think there is any basis for permanent impairment." Claimant requested reconsideration of the denial of permanent disability benefits and requested the appointment of a medical arbiter, pursuant to ORS 656.268(7), which provides, in part:

> "If the basis for objection to a notice of closure or determination order issued under this section is disagreement with the impairment used in rating of the worker's disability, the director shall refer the claim to a medical arbiter appointed by the director."

Employer objected to the appointment of a medical arbiter, arguing that there had been no disagreement with the impairment used in rating claimant's disability, because Woolpert had concluded that there was no permanent impairment.

DIF appointed a medical arbiter and ordered employer to pay for the arbiter's examination. Employer refused. DIF then initiated this fee dispute proceeding. Following a hearing, DIF concluded that it correctly appointed a medical arbiter and that employer is required to pay for the arbiter's examination.

On review, employer asserts two assignments of error. First, it contends that DIF erred in assuming jurisdiction to consider the matter of employer's failure to pay for the arbiter's examination. According to employer, the gist of its dispute is not the amount of fees for the arbiter's examination, but instead the authority of DIF to order the examination in the first place. DIF and claimant argue that the case

---

[1] The department has since been renamed the Department of Consumer and Business Services. ORS 705.105.

falls squarely within the agency's jurisdiction to hear disputes regarding fees for medical services. We agree with DIF and claimant.

■    ORS 656.248(13) provides, in part:

> "When a dispute exists between an insurer or self-insured employer and a medical service provider regarding the amount of a fee for medical services, notwithstanding any other provision of this chapter, the director may resolve the dispute in such summary manner as the director may prescribe."

This proceeding was initiated upon employer's refusal to pay the amount DIF demanded for medical services. The fact that employer contends that it does not owe *any* amount does not mean that its dispute is not about the "amount of a fee for medical services," as described in ORS 656.248(13).

Second, employer asserts that DIF erred in concluding that the appointment of a medical arbiter was required in this case. Employer contends that an impairment rating of zero is insufficient to trigger DIF's obligation to appoint a medical arbiter. According to employer, there must be a determination of some impairment, with which claimant disagrees on the basis of contrary medical evidence, before DIF is required to appoint a medical arbiter. DIF and claimant argue that, under the statute, all that is required is a "disagreement with the impairment used" in rating claimant's disability. In this case, they argue, because there plainly is a disagreement concerning claimant's impairment, DIF did not err.[2]

■    When we construe a statute, we attempt to ascertain the intention of the legislature, looking first to the text and the context of that statute. Only if the text and the context of the statute leave the legislature's intent unclear may we

---

[2] DIF and claimant also cite in support of their argument DIF's implementing regulations, which provide in part:

> "When a basis for the request for reconsideration is a disagreement with impairment findings used in rating the worker's disability, the director shall appoint an arbiter or a panel of medical arbiters * * *." OAR 436-10-048(1).

At oral argument, employer argued, for the first time, that the rule itself is invalid. That argument has not been preserved. Employer did not bring this proceeding as a rule challenge under ORS 183.400, and did not assert the invalidity of DIF's rule at any stage in proceedings below.

resort to legislative history. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

■　　In this case, the text of the statute is quite plain. It requires the appointment of a medical arbiter when there is a "disagreement with the impairment" used to rate claimant's disability. The fact that claimant's disability was rated at zero does not alter the fact that *some* determination of his impairment was made, with which claimant disagrees. Nothing in the text or the context of the statute supports employer's contention that the obligation to appoint a medical arbiter is triggered only by a disagreement with a finding that claimant was impaired to some extent greater than zero, and that claimant's disagreement with that impairment evaluation must be supported by contrary medical evidence. To the extent that there is any ambiguity left unresolved by the text and the context, our review of the legislative history reveals no contrary legislative intent.

Affirmed.