Argued and submitted November 10, 1997, reversed and remanded on cross-petition; affirmed on petition April 22, 1998

In the Matter of the Compensation of
Jean B. Rogers, Claimant.

Jean B. ROGERS,
*Petitioner - Cross-Respondent,*

*v.*

HEWLETT-PACKARD COMPANY,
*Respondent - Cross-Petitioner.*

(93-14437, 93-14436; CA A93959)

960 P2d 871

Donald M. Hooton argued the cause and filed the briefs for petitioner - cross-respondent. Ruth Casby Rocker argued the cause for respondent - cross-petitioner. With her on the brief was Hoffman, Hart & Wagner.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order in which the Workers' Compensation Board held that employer's acceptance of her aggravation claim as nondisabling was, as a matter of law, an acceptance of the claim as disabling. Claimant contends that the Board erred in denying her requests for penalties and for an attorney fee to be paid from her permanent disability award, as well as from any award of temporary disability. Employer cross-petitions, attacking the Board's holding that the claim is disabling as a matter of law. We reverse on the cross-petition and, therefore, do not consider the issues on the petition.

Claimant worked as a software engineer for employer, a job that could involve a significant amount of keyboard work. In 1991, as the result of a special project that required an unusual amount of keyboard work, she began to experience carpal tunnel syndrome. She filed a claim in September 1991, and employer accepted it as a nondisabling claim for bilateral wrist overuse. After a period of conservative treatment, and after modification of her work station, her symptoms declined. Employer notified her on August 5, 1992, that it considered her medically stationary.

In May 1993, claimant's keyboard work again increased, and her carpal tunnel symptoms began to return. She filed a claim that month. Employer denied it as a new injury claim but accepted it as a nondisabling aggravation of her previous injury.[1] She sought a hearing on the acceptance, arguing that employer should have classified the claim as disabling. The administrative law judge rejected that argument, but on appeal the Board held that the claim was disabling. It did not base its decision on the evidence. It held that, by accepting an aggravation claim that sought to reclassify a nondisabling injury as disabling, employer, as a matter of law, accepted the claim as disabling. The Board, however, refused to award penalties for the denial and limited attorney fees to a portion of claimant's temporary disability,

---

[1] It is not clear why employer accepted the aggravation claim as nondisabling rather than simply paying claimant's medical expenses under ORS 656.245

excluding any award from permanent disability that she might receive at claim closure.

Because it is dispositive, we first consider employer's assignment of error on its cross-petition, that the Board erred in holding that the acceptance of the May 1993 claim as non-disabling was, as a matter of law, acceptance of the injury as disabling.[2] The foundation for the Board's ruling was its belief that the 1993 claim was a claim to reclassify the injury from nondisabling to disabling and that ORS 656.277(2) therefore applied. The Board then held that the statutes do not permit an employer to accept a reclassification claim as nondisabling; thus, as a matter of law, the acceptance meant that the injury was now classified as disabling.

Under ORS 656.277, employers are to process claims for nondisabling injuries in the same manner as claims for disabling injuries, with certain exceptions, of which ORS 656.277(2) is one. That statute provides:

> "A claim that a nondisabling injury originally was or has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as a claim for aggravation."

Although claimant's 1993 claim was for a new injury, the Board concluded that employer's acceptance of it as an aggravation claim brought the claim under ORS 656.277(2). It then reasoned:

> "It, therefore, follows that the only means by which a carrier can either agree or decline to reclassify a claim is by either accepting or denying the aggravation claim. *In other words, in accepting an aggravation claim, the carrier necessarily concedes that claimant's request for reclassification is meritorious, i.e., that the injury has become 'disabling.'*" (Emphasis supplied.)

Thus, according to the Board, employer's acceptance of the claim as a nondisabling aggravation was ineffective; the acceptance of any aggravation made the injury disabling. The Board treated employer as having only two options: to accept the claim as disabling or to deny it. The Board reasoned that

---

[2] The parties do not suggest that there is any evidence in the record that claimant's injury is disabling as a matter of fact.

by accepting the claim as nondisabling, employer implied that it believed that claimant's condition had not worsened. However, by accepting the claim, it had accepted it as disabling. Under the Board's analysis, if employer had wanted to deny that claimant's injury was disabling, it should have denied the aggravation claim for lack of actual worsening.

The Board's reasoning is not entirely clear. The Board did not explain why it believed that an aggravation of a nondisabling claim must be disabling, and we can think of no reason for that conclusion.[3] In order to prove an aggravation claim, the injured worker must show that the worker has suffered "worsened conditions arising from the original injury." ORS 656.273(1). There appears to be no reason that a worsening of a nondisabling condition cannot also be nondisabling. A mild nondisabling injury may become a moderate injury while still remaining nondisabling. For instance, in this case claimant could have originally suffered carpal tunnel symptoms that were sufficient to constitute a nondisabling compensable injury but that were relatively mild. Those symptoms could thereafter become moderate rather than mild without entitling her to compensation for a disabling injury. That change would fit the statutory definition of an aggravation, but the injury would be nondisabling. *See* ORS 656.005(7)(c).[4]

The Board's conclusion that accepting an aggravation claim filed under ORS 656.277(2) necessarily requires reclassifying the claim as disabling, thus, must be based on its understanding of the relevant law, not of the facts of this case. The difficulty, however, is that nothing in the statute limits the employer to either accepting an aggravation claim as disabling or denying that there has been any worsening. A claimant who makes an aggravation claim may only receive

[3] Cases such as *Smith v. SAIF Corp.*, 302 Or 396, 730 P2d 30 (1986), and *Fred Meyer, Inc. v. Farrow*, 122 Or App 164, 857 P2d 189 (1993), in which the question was whether a previously disabling injury had become more disabling and thus had worsened, are not relevant to this issue. In those cases, there already was a disabling injury; in this case there was not, and there is no evidence that the injury is disabling as a matter of fact. *See SAIF v. Frank*, 153 Or App 514, 960 P2d 873 (1998).

[4] Thus, the basis for the Board's suggestion that the alternative to employer's accepting the claim as a nondisabling aggravation was to deny that there was any actual worsening is, at best, far from obvious.

medical services for the worsened condition, whether or not the injury has become disabling. ORS 656.273(1) provides that, after the last award or arrangement of compensation, an injured worker may receive "additional compensation for worsened conditions resulting from the original injury." It defines "worsened condition" as "an actual worsening of the compensable condition" and describes the evidence necessary to prove the worsening. Under ORS 656.273(2), a worker who wishes to obtain additional compensation for an actual worsening must file an aggravation claim. Because medical services are themselves compensation for the injury, ORS 656.005(8), an actual worsening that requires only medical services could justify an aggravation claim under this section. Thus, the statute clearly contemplates the possibility of a valid aggravation claim for a nondisabling injury.

Even assuming that the Board was correct that claimant made an aggravation claim under ORS 656.277(2) to reclassify her injury from nondisabling, that does not require the employer to accept the claim in that form. When it accepts a claim, an employer or insurer must specify what conditions it accepts as compensable and advise the claimant whether it considers the claim disabling or nondisabling. ORS 656.262(6). Nothing in the statutes modifies those rules for aggravation claims. *See* ORS 656.262(7). The employer or insurer may accept less than the entirety of the claim. If it does so, and if the claimant believes that the scope of the acceptance is inadequate, there is a remedy through the hearings process. *See* ORS 656.283. Thus, employer could limit its acceptance of the claim to what it believed the medical evidence supported. Employer could reject claimant's attempt to have her claim reclassified but still agree that her condition had actually worsened. When employer did just that in this case, it did not thereby unknowingly agree to reclassify the claim from nondisabling to disabling. After employer declined to reclassify the claim, claimant's recourse was to convince the Board that the injury had become disabling. In this case, that is primarily a question of fact, not of law. The Board erred in ruling otherwise.

On cross-petition, reversed and remanded; affirmed on petition.