Argued and submitted January 16, affirmed April 22, petition for review denied October 28, 1998 (327 Or 621)

In the Matter of the Compensation of
Thomas T. Frank, Claimant.

SAIF CORPORATION
and K & G Construction Company,
*Petitioners,*

*v.*

Thomas T. FRANK,
*Respondent.*

(WCB 96-00302; CA A96873)

960 P2d 873

David L. Runner argued the cause and filed the brief for petitioners.

Daniel Denorch argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

■ SAIF Corporation (SAIF) seeks review of a Workers' Compensation Board order in which the Board ruled that claimant was entitled to permanent disability compensation without first proving a "permanent worsening" of his compensable condition. We review for errors of law, ORS 183.482(8)(a), and affirm.

Claimant sustained a compensable low back injury on October 18, 1992, which SAIF accepted as a nondisabling lumbosacral strain. SAIF paid for claimant's chiropractic treatment through August 1993. On July 27, 1994, claimant reinjured his low back and filed a new injury claim, which SAIF denied. Claimant requested a hearing on the denial, but before the hearing occurred SAIF and claimant entered into a stipulation. The stipulation provides, in part, that SAIF agrees to "reopen" the 1992 claim "as an aggravation and process the claim according to law." On July 20, 1995, SAIF sent claimant a letter in which it told claimant that "[y]our claim has * * * been reclassified as a disabling claim." In September 1995, a notice of closure awarded claimant temporary total disability payments for the period between July 30, 1994, and August 7, 1994, and no permanent disability.

Claimant requested reconsideration and was examined by a medical arbiter. The arbiter identified restrictions in the range of motion of claimant's back and concluded that he "has a mild chronic lumbosacral strain, dating from the October 18, 1992, injury, that does not restrict his work activity." On reconsideration, the department ruled that the evidence did not demonstrate a permanent worsening, as defined by *former* OAR 435-36-005(9), of claimant's low back condition and affirmed the award of no unscheduled permanent disability.

Claimant requested a hearing. The administrative law judge (ALJ) ruled that claimant was entitled to a five percent permanent disability award for the loss of range of motion found by the arbiter. Although SAIF argued that

claimant was required to demonstrate a permanent worsening and had not done so, the ALJ ruled that such a showing was unnecessary. He explained:

"In reviewing this claim for an assessment of permanent disability benefits, the Appellate Reviewer applied the 'redetermination' requirements [of *former* OAR 436-35-007(5)[1]] following an aggravation claim. I do not find that that analysis applies under the facts of this case. Here, claimant has never had a first determination of permanent disability because his claim was initially accepted as nondisabling. This is the first determination of disability subsequent to the reclassification of his claim to disabling in July, 1995. Had claimant's condition not worsened, he would not have been able to establish the aggravation which was accepted in July, 1995. It is only until his claim qualifies for closure that we can determine, in the first instance, whether that worsening was permanent. Based on the report of the medical arbiter, we can determine that the worsening was permanent."

SAIF appealed the ALJ's decision to the Board. The Board adopted and affirmed the ALJ's order with supplementation. It agreed with the ALJ that *former* OAR 436-35-007(5) was inapplicable. It also ruled that *former* OAR 436-35-005(9), which defines "permanently worsened," did not apply in the absence of a prior permanent disability award. It reasoned that, because there had been no last award or arrangement of compensation for the nondisabling injury, claimant was not required to prove a permanent worsening of his condition as a result of the compensable 1994 injury in order to have his permanent disability determined under the 1992 claim. The Board concluded that because "the arbiter

---

[1] *Former* OAR 436-35-007(5) provided:

"When a claim has been reopened pursuant to ORS 656.273, the worker's condition at the time of determination is compared with the worker's condition as it existed on the last award or arrangement of compensation. If the worker's condition has permanently worsened, the worker is entitled to have the extent of permanent disability redetermined. If the workers' condition has not permanently worsened, the worker is not entitled to have the extent of permanent disability redetermined under these rules. * * * There shall be no redetermination for those conditions which are either unchanged or improved. In any case, the impairment value for those conditions not permanently worsened shall continue to be the same impairment value that were established at the last arrangement of compensation."

made valid, verifiable, objective findings of reduced range of motion, which establish that claimant has permanent impairment as a result of his lumbar strain," claimant was entitled to an award of five percent permanent disability.

SAIF seeks review of the Board's decision. It points out that ORS 656.277(2) provides that, after the lapse of one year from the date of injury, a "claim that a non-disabling injury originally was or has become disabling" is to be treated as a claim under ORS 656.273(1). Thus, it follows, according to SAIF, that the legislature intended that a claimant be required to prove a permanent worsening of his condition after the expiration of the one-year period before the claimant can recover permanent disability. SAIF explains:

> "If the nondisabling status of an original claim, once final one year after the date of injury, does not constitute a 'last award or arrangement of compensation' under the Workers' Compensation Law, then it is impossible for a claimant with such a claim to prove a compensable aggravation under ORS 656.273(1). Yet, ORS 656.277(2) expressly requires a claimant to prove a compensable aggravation of an original claim in nondisabling status to be entitled to further compensation. Obviously, therefore, the legislature intended that once the nondisabling classification of an original claim becomes final under ORS 656.277(2), that finality fixes the claimant's permanent disability award at zero and constitutes a 'last award or arrangement of compensation' for purposes of ORS 656.273(1)."

SAIF concludes that claimant must prove a permanent worsening of his condition since October 1993 (one year after the 1992 injury) and that the Board erred when it awarded permanent disability in the absence of a finding that any permanent worsening had occurred.

Our task is to discern the intention of the legislature when ORS 656.273(1) and ORS 656.277(2) are read together and to determine whether those statutes are applicable to the facts in this case. We examine first the text and the context of the statutes. ORS 656.277 provides, in part:

> "Claims for nondisabling injuries shall be processed in the same manner as claims for disabling injuries, except that:

"(1)  If within one year after the injury, the worker claims a nondisabling injury originally was or has become disabling, the insurer or self-insured employer, upon receiving notice or knowledge of such a claim, shall report the claim to the Director of the Department of Consumer and Business Services for determination pursuant to ORS 656.268.

"(2)  A claim that a nondisabling injury originally was or has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as a claim for aggravation."[2]

ORS 656.273(1) provides, in part:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury."

■■    Under ORS 656.273(1), a "worsened condition" for a disabling claim occurs when there is a change in condition that makes a claimant more disabled, either temporarily or permanently, than he was when the original claim was closed. *Smith v. SAIF*, 302 Or 396, 399, 730 P2d 30 (1986). When SAIF reclassified claimant's injury as disabling on July 20, 1995, it implicitly acknowledged that claimant's condition had worsened from nondisabling to disabling. ORS 656.277(2) incorporates the requirements of ORS 656.273(1) when there is a claim that a nondisabling claim "originally was or has become disabling." Claimant initially did not claim that his nondisabling condition had become disabling. Rather, he filed the claim arising out of the 1994 injury as a claim for a new injury. The parties then agreed that claimant's condition would be processed as an aggravation of his original condition rather than as a separate claim for a new injury.[3] Thereafter, SAIF reclassified claimant's original

---

[2] ORS 656.005(7)(d) defines a "nondisabling compensable injury" as "any injury which requires medical services only." ORS 656.005(7)(c) defines a "disabling compensable injury" as "an injury which entitles the worker to compensation for disability or death."

[3] SAIF and claimant initially agreed to treat claimant's condition as an aggravation of the 1992 injury, followed by SAIF's acknowledgment that claimant's condition had changed and was disabling. SAIF relies on *Stepp v. SAIF*, 304 Or 375, 745 P2d 1207 (1987), for the proposition that the threshold requirement to recover increased permanent partial disability or permanent total disability under ORS 656.273(1) is a greater permanent injury than formerly existed. The holding in *Stepp* was later codified in ORS 656.273(8), which provides:

nondisabling injury as a disabling injury and agreed to pay temporary disability.

SAIF's voluntary reclassification of claimant's injury from nondisabling to disabling creates a different situation from that contemplated by ORS 656.277(2) and ORS 656.273(1). The process under those statutes is triggered by a "*claim* that a nondisabling injury originally was or has become disabling," ORS 656.277(2) (emphasis supplied), a fact previously acknowledged by SAIF in its July 20, 1995, letter to claimant and before the notice of closure. Here, claimant did not make such a claim. It would seem somewhat redundant if claimant were required to prove what SAIF did not contest, *i.e,* a worsening of claimant's condition from non-disabling to disabling, to have his new claim processed to closure.

■ Moreover, we reject SAIF's argument that claimant must prove a permanent worsening to be entitled to compensation for his permanent impairment. In *Fred Meyer, Inc. v. Farrow*, 122 Or App 164, 166, 857 P2d 189 (1993), the employer argued that because ORS 656.273(1) does not distinguish between scheduled and unscheduled disabilities, a claimant who alleges a worsening of a scheduled disability must demonstrate a loss of earning capacity. We first explained that loss of earning capacity is the appropriate standard for measuring the worsening of an unscheduled disability. We then rejected employer's argument, holding

> "that aggravations are *measured by the same standard that made the condition originally compensable.* An aggravation of an unscheduled injury is measured by increased loss of earning capacity. An aggravation of a scheduled injury is measured by increased loss of use." *Id.* at 167. (Emphasis supplied.)

The same reasoning applies here. In this case, SAIF agreed to treat claimant's condition as an aggravation of the

"If a worker submits a claim for aggravation of an injury or disease for which permanent disability has been previously awarded, the worker must establish that the worsening is more than waxing and waning of symptoms of the condition contemplated by the previous permanent disability award." Or Laws 1995, ch 332, § 31.

Here, no previous award for permanent disability had been awarded to claimant when the parties agreed that the 1994 condition would be treated as an aggravation of the 1992 injury.

1992 nondisabling injury. Consequently, whether an aggravation has occurred is measured by whether the nondisabling injury has worsened. It would be inappropriate to impose a permanent worsening requirement where permanent impairment was not the standard that made the condition originally compensable. *See Rogers v. Hewlett Packard Co.*, 153 Or App 436, 960 P2d 871 (1998). Furthermore, SAIF's suggestion that the legislature intended the expiration of the one-year period to serve as the baseline for the measurement of the permanent worsening is not supported by any language in the statutes. We conclude for these reasons that the Board did not err in holding that claimant was not required to demonstrate a worsening beyond what SAIF acknowledged in July 1995.

Affirmed.