Argued and submitted May 5, reversed and remanded for reconsideration
August 5, 1998

In the Matter of the Compensation of
Catherine G. Renfro, Claimant.

INTEL CORPORATION
and AIG Claim Services,
*Petitioners,*

*v.*

Catherine G. RENFRO,
*Respondent.*

(96-02773, 95-11919; CA A98921)

963 P2d 173

Ronald W. Atwood argued the cause and filed the brief for petitioners.

Robert Sola argued the cause for the respondent. On the brief was Hank McCurdy.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

**HASELTON, J.**

Employer seeks review of an order of the Workers' Compensation Board, which set aside the denial of an aggravation claim. Central to the Board's holding was its determination that, because of the 1995 amendment to ORS 656.273(1), claimant was not required to prove diminished wage-earning capacity in order to establish a compensable aggravation of an unscheduled condition. We conclude that the Board erred in that regard and, consequently, reverse and remand.

Claimant suffered a grievous head injury when she fell down a flight of steps while working for employer in July 1982. She consequently experienced a variety of sequelae, including vertigo, hearing loss, chronic headaches, chronic tinnitus, perilymph fistula, and cognitive disfunction. Claimant attempted, unsuccessfully, to return to work in 1983 and 1985 and was finally able to return to modified part-time work in 1988 and modified full-time work in August 1989. In July 1990, her claim was closed by a determination order. Ultimately, in July 1991, she was awarded 80 percent unscheduled permanent partial disability and 13.5 percent scheduled permanent partial disability for right ear hearing loss.

In the summer of 1991, as claimant continued to work for employer, her condition worsened, with increased hearing loss and vomiting. She sought treatment and, ultimately, in July 1995, Dr. Black, a surgeon who had previously twice repaired claimant's fistula, rendered an opinion that claimant's fistula had reopened. In July 1995, claimant filed her aggravation claim, ORS 656.273, which employer denied.

The administrative law judge (ALJ) considered conflicting expert medical evidence, determined that claimant's condition had actually worsened since July 1991, and, consequently, set aside the denial. The ALJ's opinion and order did not expressly consider and determine whether claimant had demonstrated diminished wage earning capacity; rather, it merely noted, "In Dr. Black's opinion, claimant is * * * definitely less able to work than she was in July 1991."

On review, the Board affirmed. The Board rejected employer's argument that Black's opinion was inadequate to establish an "actual worsening" (*i.e.*, a pathological, rather than symptomatic, worsening) of claimant's unscheduled condition.[1] *SAIF v. Walker*, 145 Or App 294, 305, 930 P2d 230 (1996), *rev allowed* 325 Or 367 (1997). The Board then considered, and rejected, employer's argument that, under *Smith v. SAIF*, 302 Or 396, 730 P2d 30 (1986), claimant was required to prove that the worsening of her unscheduled condition had resulted in diminished wage-earning capacity and that she had failed to do so:

> "[A]lthough [employer] argues that there is no evidence of a diminished earning capacity in this case, we have previously held that the amended version of ORS 656.273(1) now defines a 'worsened condition' as an 'actual worsening of the compensable condition supported by objective findings.' * * * In [*Jason S. Palmer*, 48 Van Natta 2394 (1996)], we found that the legislature intended to focus on a worker's physical condition, rather than on a loss of earning capacity or loss of use or function in a legal sense. Therefore, it is no longer necessary for a claimant to prove diminished earning capacity in order to establish a worsened condition involving an unscheduled body part." (Footnote omitted.)

On review, employer argues that the Board erred in two respects: (1) The Board erred in holding that diminished wage-earning capacity is not a required element of a claim for aggravation of an unscheduled condition. (2) The Board erroneously "ignored" employer's argument that claimant's evidence showed only a "waxing and waning" of claimant's symptoms. ORS 656.273(8).

We reject the second argument without further discussion but reverse and remand on the first ground. We conclude, particularly, that the 1995 amendment to ORS 656.273(1) did not "legislatively overrule" *Smith's* holding that, to establish a compensable aggravation of an unscheduled condition, a claimant must prove that the worsening of the condition resulted in diminished earning capacity.

---

[1] Before the Board, employer apparently did not contest the sufficiency of Black's opinion as to worsening of claimant's scheduled condition (hearing loss).

In *Smith*, the court considered the requirements for establishing a compensable aggravation of an unscheduled disability under ORS 656.273(1) (1985). That statute provided:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

The court concluded:

> "A worker may be able to continue to work at a present job but still suffer a loss of earning capacity to carry on other work in the broad field of general occupations, *see* ORS 656.214(5), because of a worsened condition. That is, in a claim for increased compensation for unscheduled disability under ORS 656.273, the worker need not show that he is less able to work in his present employment, but must prove that *his symptoms have increased or otherwise demonstrate that his underlying condition has worsened so that he is less able to work in the broad field of general occupations resulting in a loss of earning capacity*." *Smith*, 302 Or at 401.

That construction of ORS 656.273(1) (1985), and particularly the interpretation of "worsened condition," "became part of that statute." *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 318 Or 614, 622, 872 P2d 1 (1994). *See, e.g., Fred Meyer, Inc. v. Farrow*, 122 Or App 164, 166, 857 P2d 189 (1993) ("A claimant who alleges a worsening of an unscheduled disability must prove a loss of earning capacity.").

In 1990, the legislature amended ORS 656.273(1), Or Laws 1990, ch 2, § 18, leaving the text construed in *Smith* intact but adding, *inter alia*, the following language:

> "A worsened condition resulting from the original injury is established by medical evidence supported by objective findings."

In 1995, the legislature again amended ORS 656.273(1) so that the pertinent text now reads:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A

worsened condition resulting from the original injury is established by medical evidence *of an actual worsening of the compensable condition* supported by objective findings." (1995 amended language emphasized.)

In *Walker,* we addressed the significance of the phrase added by the 1995 amendments and concluded that "actual worsening" required proof of pathological worsening of a claimant's condition:

"[T]he legislature's use of the terms 'actual worsening' was not intended to include a symptomatic worsening. Under the amended statute, in order for a symptomatic worsening to constitute an 'actual worsening,' a medical expert must conclude that the symptoms have increased to the point that it can be said that the *condition* has worsened. In other words, ORS 656.273(1), as amended, requires that there be direct medical evidence that a condition has worsened. It is no longer permissible for the Board to infer from evidence of increased symptoms that those symptoms constitute a worsened condition for purposes of proving an aggravation claim." *Walker,* 145 Or App at 305 (emphasis in original).

Our analysis, thus, focused solely on "symptomatic" versus "pathological" worsening. Nothing in *Walker* suggests that the legislature, in adding the phrase "actual worsening of a compensable condition," intended to repudiate *Smith's* fundamental proposition that, to establish the compensability of an unscheduled condition, the claimant must prove diminished earning capacity. As employer asserts:

"A 'worsened condition' under pre-1995 law was defined as loss of earning capacity. The effect of the amendment to the statute was to narrow the means to prove a 'worsened condition' to an *actual worsening* of the compensable condition. It was the second sentence of ORS 656.273(1) which amended and modified the manner in which a 'worsened condition' was proved. However, the first sentence of ORS 656.273 was not changed and the link between the terms 'worsened condition' and 'loss of earning capacity' was not disturbed."

We thus conclude that, to prove a compensable aggravation of an unscheduled condition, a claimant must prove (1) an "actual worsening" of that condition, *Walker,* 145

Or App at 305, (2) that results in diminished earning capacity. The Board erred in failing to consider the second element.[2]

Claimant argues, nevertheless, that we should affirm because "substantial evidence [supports] the ALJ's finding of diminished earning capacity." We discern no such "finding" in the ALJ's opinion and order. In all events, the Board, because of its assumption that diminished earning capacity was immaterial, did not consider, much less determine, that matter. We remand for it to do so with respect to claimant's unscheduled condition.

Reversed and remanded for reconsideration.

---

[2] Claimant asserts that ORS 656.273(1) does not require proof of diminished earning capacity with respect to her *scheduled* disability (hearing loss). Employer does not dispute that principle. *See Fred Meyer, Inc. v. Farrow*, 122 Or App at 167 ("We conclude that aggravations are measured by the same standard that made the condition originally compensable. An aggravation of an unscheduled injury is measured by increased loss of earning capacity. An aggravation of a scheduled injury is measured by increased loss of use.").