Argued and submitted July 11, affirmed October 11, 2000

In the Matter of the Compensation of
Richard L. Sutton, Claimant.

Richard L. SUTTON,
*Petitioner,*

*v.*

DENNIS 7 DEES LANDSCAPE
and Liberty Northwest Insurance Corp.,
*Respondents.*

(WCB No. 97-09186; CA A103883)

13 P3d 127

Patrick K. Cougill argued the cause for petitioner. With him on the brief was Welch, Bruun & Green.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

**DEITS, C. J.**

Claimant seeks review of an order of the Workers' Compensation Board (Board), asserting that the Board erred in upholding a redetermination order of the Department of Consumer and Business Services (Department) that failed to award claimant additional permanent disability benefits on his aggravation claim. Claimant argues that the Board erred in failing to consider his functional capacity in determining that claimant was not entitled to a redetermination of his permanent disability. He further asserts that the Board erred in considering a medical arbiter's report for the purpose of determining whether claimant had experienced a permanent worsening. We affirm.

The facts are undisputed. Claimant injured his back in 1991, while working for employer as a landscape foreman. His claim for disabling low back strain was accepted and closed by determination order with an award of unscheduled permanent disability. In 1997, following receipt of a doctor's report, employer reopened the claim as an aggravation claim. In June 1997, employer closed the claim, with no additional award for permanent disability, and claimant sought reconsideration. The Department upheld the closure, determining that claimant was not entitled to a redetermination of his permanent disability because he had not suffered a permanent worsening of his condition. The administrative law judge (ALJ) reversed the Department, finding that claimant's condition had worsened, and made an additional award of permanent disability. On employer's appeal, the Board reversed the ALJ, holding that the medical record, including the medical arbiter's report, required the conclusion that claimant had not experienced a permanent worsening since the last arrangement of compensation and that claimant, therefore, was not entitled to a redetermination of the extent of his disability.

■ We first consider claimant's assertion that the Board erred in referring to the medical arbiter's report in determining whether claimant had experienced a permanent worsening. As claimant points out, ORS 656.268(7)(a) provides for the appointment of a medical arbiter when there is an objection to the impairment used in rating the worker's disability.

Claimant objected to the impairment used in rating his disability, and a medical arbiter was appointed. That report indicated that claimant had not experienced a permanent change in his condition. Claimant does not assert that the arbiter should not have been appointed. *See Sedgwick James of Oregon v. Hendrix*, 130 Or App 564, 883 P2d 226 (1994).[1] Claimant argues only that the medical arbiter's report may be used solely for the purpose of rating disability and only after it has been determined that the worker is entitled to a redetermination of the extent of disability. It is claimant's position that the report may not be used for the purpose of determining whether the worker has experienced a worsening that will entitle him or her to a redetermination.

Claimant does not point to, nor are we aware of, any statutory support for his contention. It is true, as claimant asserts, that the medical arbiter is appointed for the purpose of determining the worker's *level* of impairment. However, there is nothing in the statutes or the case law that prevents the report, once a part of the record, from being referred to by the ALJ and the Board in determining whether the claimant has additional permanent impairment since the last award of compensation, *i.e.*, whether the claimant is entitled to a redetermination of the extent of permanent disability. We conclude that the Board did not err in considering the medical arbiter's report in determining whether claimant had experienced a permanent worsening of his condition.

■ Claimant also argues that the Board erred in its determination of whether he had experienced a permanent

---

[1] There, we said:

"In this case, the text of the statute is quite plain. It requires the appointment of a medical arbiter when there is a 'disagreement with the impairment' used to rate claimant's disability. The fact that claimant's disability was rated at zero does not alter the fact that *some* determination of his impairment was made, with which claimant disagrees. Nothing in the text or the context of the statute supports employer's contention that the obligation to appoint a medical arbiter is triggered only by a disagreement with a finding that claimant was impaired to some extent greater than zero, and that claimant's disagreement with that impairment evaluation must be supported by contrary medical evidence. To the extent that there is any ambiguity left unresolved by the text and the context, our review of the legislative history reveals no contrary legislative intent." 130 Or App at 568 (emphasis in original).

worsening, because it failed to take into account medical evidence of his reduced functional capacity. Claimant asserts that consideration of functional capacity is an essential component of the determination of loss of earning capacity for the purpose of unscheduled disability and that the evidence of functional capacity here demonstrates his increased disability.

In order to prove a compensable aggravation claim, a claimant must establish an actual worsening of the condition *and* a diminished earning capacity. *Intel Corp. v. Renfro*, 155 Or App 447, 963 P2d 173 (1998). The Supreme Court has held that a diminished earning capacity alone does not establish an aggravation. The condition must itself be worsened to prove a compensable aggravation. *Stepp v. SAIF*, 304 Or 375, 380, 745 P2d 1207 (1987). Accordingly, although claimant is correct that a reduction in functional capacity *may* be an appropriate consideration in determining whether a claimant has experienced an aggravation, it is not a necessary consideration under all circumstances. In cases such as this one, where the Board determines that the condition itself has not worsened, for purposes of the aggravation claim, it is not necessary to address whether the claimant has a diminished earning capacity. Consequently, even if claimant were correct that the Board did not address his reduced functional capacity, that would not constitute error.

In any event, contrary to claimant's assertion, it appears that the Board did consider claimant's contention that his functional capacity had diminished. The ALJ specifically found that there had been no change in residual functional capacity from the time of original closure, and the Board adopted that finding.[2] Further, that finding is supported by substantial evidence. Accordingly, the Board did

---

[2] The ALJ found:

"With respect to adaptability, claimant had a base functional capacity (BFC) of heavy. The medical evidence from Dr. Takacs indicates that claimant cannot now return to the type of work that he did prior to the time of injury. Claimant suggests that he should be rated at the medium/light level in terms of residual functional capacity. However, there is no specific medical evidence or other evidence which would support that conclusion. Obviously, claimant has lost functional capacity, but on this record I do not believe it is appropriate to conclude that he has deteriorated further than from heavy to medium as was the case at the prior closure."

not err in concluding that claimant is not entitled to a redetermination of the extent of his disability.

Affirmed.